Filed 11/16/17 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CURTIS ENGINEERING CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>Respondent;<br><br><br>GEORGE R. SUTHERLAND,<br><br>Real Party in Interest. | D072046<br><br>(San Diego County Super. Ct. No. 37-2016-00014529-CU-PO-CTL)<br><br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on October 23, 2017, be modified as follows:

1.  On pages 8 and 9, footnotes 4 and 5 are deleted in their entirety, which will require renumbering of the subsequent footnote at page 10.

2.  On page 12, following the last sentence at the bottom of the page, the following paragraphs are added:

> At oral argument before this court Sutherland's counsel argued, for the first time, that he satisfied all certificate of merit requirements before filing the original complaint, and that the failure to file the

certificate of merit with the original complaint was an attorney oversight. After the filing of the opinion, Sutherland filed a petition for rehearing arguing that he should be allowed leave to amend to add an allegation to his complaint that his attorney consulted an expert, and obtained an expert opinion supporting Curtis's negligence, before he filed his original complaint. Sutherland asserts this is "a technical omission, not a substantive omission" and "precisely what the relation-back doctrine is designed to address: non-substantive changes to a complaint." Sutherland notes that his attorney signed the original complaint and that the original complaint alleged professional negligence against Curtis. He claims that all that is missing to completely comply with section 411.35 are the words that the attorney consulted an expert.

Generally, a party may not assert new arguments and authorities for the first time in a petition for rehearing. (Reynolds v. Bement (2005) 36 Cal.4th 1075, 1092, abrogated on another point in Martinez v. Combs (2010) 49 Cal.4th 35, 62-66.) "[R]efusal to consider arguments first presented on rehearing serves both judicial economy and fairness. It prevents counsel from arguing cases 'in a piecemeal fashion.' [Citation.] And it protects the opposing party from having to defend against new theories that were not previously put in issue or raised at trial." (Alameda County Management Employees Assn. v. Superior Court (2011) 195 Cal.App.4th 325, 338, fn. 10.) Forfeiture is appropriate here because the arguments raised by Sutherland in his rehearing petition could have been presented to the trial court and to us in his informal response. Sutherland offered no explanation for his tardiness. (Cf. Hayes v. Risk (1967) 255 Cal.App.2d 613, 628 [leave to amend allowed on rehearing where deficiency was curable and not addressed at trial level].) Additionally, Sutherland's tardy request to amend his complaint raises a new legal issue that would necessitate rebriefing—must the required certificate of merit be a separately filed document, or can compliance with section 411.35 be achieved by merely alleging so in the complaint. (California Coastal Com. v. Superior Court (1989) 210 Cal.App.3d 1488, 1501, fn. 10 & 1502 [leave to amend requested in petition for rehearing denied where prospect for success was "remote" and would "necessitate rebriefing on an issue as yet unaddressed"].)

More importantly, Sutherland has the burden of showing that "a reasonable possibility the defect in the pleading can be cured by amendment." (Palm Springs Tennis Club v. Rangel (1999) 73

2

Cal.App.4th 1, 7; see Oregon State University v. Superior Court (Nov. 8, 2017, D071752) — Cal.App.5th at p. — [2017 Cal. App. LEXIS 978, p. 10 [leave to amend on rehearing allowed where proposed amendment would cure the deficiency for pleading purposes].) Assuming the required certificate of merit can be included as part of the allegations of the complaint, the proposed tardy amendment would not cure the deficiency as there are no allegations in the original complaint that could possibly be construed as a defective certificate of merit. (§ 411.35(b)(1) [setting forth certificate of merit requirements].) This failure is not a mere technical defect that can be cured by application of the relation back doctrine. The proposed amendment amounts to a substantive change to the complaint as it addresses new subject matter that was required to be included within the original complaint. Under Sutherland's reasoning a "defective certificate of merit" has been filed anytime an attorney files a complaint that alleges professional negligence without complying with section 411.35. This reasoning would negate the certificate of merit requirement and we reject it.

There is no change in the judgment.

Real party in interest's petition for rehearing is denied.

McCONNELL, P. J.

Copies to: All parties

3

Filed 10/23/17 (unmodified version)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| CURTIS ENGINEERING CORPORATION,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>GEORGE R. SUTHERLAND,<br><br>    Real Party in Interest. | D072046<br><br>(San Diego County<br> Super. Ct. No. 37-2016-00014529-CU-PO-CTL) |

ORIGINAL PROCEEDING in mandate.  Eddie C. Sturgeon, Judge.  Petition granted.

Blackmar, Principe & Schmelter, Timothy D. Principe; and Richard H. Benes for Petitioner.

No appearance for Respondent.

Marc D. Adelman; Worthington Law Offices and Brian P. Worthington for Real Party in Interest.

Code of Civil Procedure[1] section 411.35 requires the attorney for plaintiffs or cross-complainants in certain professional negligence cases to serve and file a certificate on the defendant or cross-defendant on or before the date of service of the complaint or cross-complaint declaring that he or she has consulted with and received an opinion from an expert in the field, or an adequate excuse for not doing so.  (§§ 411.35, subd. (a), (b).)  In this case, we conclude that a certificate filed after expiration of the statute of limitations and more than 60 days after filing the original pleading (§ 411.35, subd. (b)(2)) does not relate back to the filing of the original pleading.  The trial court erred when it overruled a demurrer alleging noncompliance with the certificate requirement of section 411.35.  Accordingly, we grant the petition for writ of mandate.

FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2014, plaintiff George R. Sutherland, while working as a crane operator, sustained injuries when his crane tipped over.  On May 3, 2016,[2] Sutherland filed his original complaint, which included a negligence cause of action against real party in interest, Curtis Engineering Corporation (Curtis), a provider of engineering services.  Sutherland's original complaint did not include a certificate, as required by section 411.35, subdivisions (a) and (b).

On December 1, Sutherland filed and served a first amended complaint which included a certificate.  The original and amended complaint are identical, except for two

---

[1]    Undesignated statutory references are to the Code of Civil Procedure.

[2]    All further date references are to 2016.

2

additional paragraphs in the amended complaint stating that: (1) a certificate is attached as an exhibit to the amended complaint and is incorporated by reference, and (2) a claim was sent to defendant Oregon State University.

Curtis demurred to the amended complaint arguing, among other things, that Sutherland failed to file the required certificate within the limitations period. The trial court overruled the demurrer. As relevant here, the court concluded that the amended complaint related back to the filing date of the original complaint.

Curtis filed the instant petition seeking an immediate stay of all proceedings and a peremptory writ of mandate directing the trial court to set aside and vacate its order overruling the demurrer and to enter a new order sustaining the demurrer. In response to the petition we stayed the matter and issued an order to show cause why the petition should not be granted.

DISCUSSION

Curtis contends the trial court erred as a matter of law in overruling the demurrer based on Sutherland's failure to timely file a certificate as required by section 411.35, subdivisions (a) and (b) (hereinafter sections 411.35(a) and 411.35(b)). Curtis notes that the two-year statute of limitations applicable to Sutherland's negligence cause of action (§ 339, subd. (1)) expired on May 5, about seven months before he filed the amended complaint and certificate. Section 411.35(b)(2) requires that if an attorney files a certificate stating the attorney was unable to obtain a consultation or certificate before the statute of limitations impaired the action, the certificate required by section 411.35(b)(1) must be filed within 60 days after filing the complaint. Here, the 60-day period for filing

3

a certificate under section 411.35(b)(2) expired on July 2, about five months before Sutherland filed his certificate.

Sutherland does not contest these dates, or the requirement that he file a certificate. Instead, he claims the filing of the amended complaint and certificate related back to the date he filed the original complaint. He argues that had the Legislature not wanted the relation-back doctrine to apply to an amended complaint that includes a certificate, the Legislature could and would have accounted for that when enacting section 411.35. He reasons that not applying the relation-back doctrine under these circumstances bars a meritorious case for technical reasons that do not serve the purpose of section 411.35.

As we shall explain, the plain language of section 411.35 does not allow application of the relation-back doctrine.

Questions of statutory interpretation are subject to de novo review. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) "[O]ur primary task is to determine the lawmakers' intent." (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798.) Statutory interpretation to determine legislative intent may involve up to three steps. (*Alejo v. Torlakson* (2013) 212 Cal.App.4th 768, 786-787.) "The first step in the interpretive process looks to the words of the statute themselves." (*Id.* at p. 787.) "It is only when the meaning of the words is not clear that courts are required to take a second step and refer to the legislative history." (*Soil v. Superior Court* (1997) 55 Cal.App.4th 872, 875.) If an ambiguity remains after reviewing secondary rules of construction, we then " ' "apply reason, practicality, and common sense." ' " (*Alejo*, at p. 788.)

4

"Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.) To that end, we generally must "accord[] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose," and have warned that "[a] construction making some words surplusage is to be avoided." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) "We must presume that the Legislature intended 'every word, phrase and provision . . . in a statute . . . to have meaning and to perform a useful function.' " (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476.) Additionally, under "well-settled principle[s] of statutory construction," we ordinarily construe the word "may" as permissive and the word "shall" as mandatory, "particularly when both terms are used in the same statute." (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443.)

We turn to the language of the statute. In any action for damages or indemnity arising out of the professional negligence of a person holding a valid architect's certificate, registration as a professional engineer, or land surveyor's license "the attorney for the plaintiff or cross-complainant shall file and serve the certificate specified by subdivision (b)" "on or before the date of service of the complaint or cross-complaint on any defendant or cross-defendant." (§ 411.35(a).) Section 411.35(b) states:

"A certificate shall be executed by the attorney for the plaintiff or cross-complainant declaring one of the following:

"(1) That the attorney has reviewed the facts of the case, that the attorney has consulted with and received an opinion from at least

5

one architect, professional engineer, or land surveyor who is licensed to practice and practices in this state or any other state, or who teaches at an accredited college or university and is licensed to practice in this state or any other state, in the same discipline as the defendant or cross-defendant and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of this review and consultation that there is reasonable and meritorious cause for the filing of this action. The person consulted may not be a party to the litigation. The person consulted shall render his or her opinion that the named defendant or cross-defendant was negligent or was not negligent in the performance of the applicable professional services.

"(2) That the attorney was unable to obtain the consultation required by paragraph (1) because a statute of limitations would impair the action and that the certificate required by paragraph (1) could not be obtained before the impairment of the action. If a certificate is executed pursuant to this paragraph, the certificate required by paragraph (1) shall be filed within 60 days after filing the complaint.

"(3) That the attorney was unable to obtain the consultation required by paragraph (1) because the attorney had made three separate good faith attempts with three separate architects, professional engineers, or land surveyors to obtain this consultation and none of those contacted would agree to the consultation."[3]

"The failure to file a certificate in accordance with this section shall be grounds for a demurrer pursuant to Section 430.10 or a motion to strike pursuant to Section 435." (§ 411.35, subd. (g).)

Section 411.35(a) requires that "on or before the date of service" of a complaint the plaintiff "shall file and serve the certificate specified by subdivision (b)." It is undisputed that Sutherland filed his original complaint without the required certificate.

---

[3] We refer to the certificate described in section 411.35(b)(1) as a "certificate of merit" and generally refer to the certificates described in section 411.35(b)(2) and (3) as "excuse certificates."

6

To avoid this glaring insufficiency, Sutherland contends that the certificate of merit he filed with his amended complaint related back to the filing of the original complaint because the original and amended complaints are substantially the same.

Under the relation-back doctrine, a court will ordinarily deem a later-filed pleading to have been filed at the time of an earlier complaint if the amended complaint is based on the same general set of facts. (*Austin v. Massachusetts Bonding & Ins. Co.* (1961) 56 Cal.2d 596, 600-601.) Where the statute of limitations has expired before the filing of an amended complaint, unless an amended complaint relates back to a timely filed original complaint, the amended complaint will be time-barred. (*Barrington v. A.H. Robins Co.* (1985) 39 Cal.3d 146, 150.) Under the relation-back doctrine, to avoid the statute of limitations bar, the amended complaint must allege the same general set of facts, refer to the same accident, same injuries, and refer to the same instrumentality as alleged in the original complaint. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 408-409.)

Sutherland has not cited, and we have not found, any cases supporting the proposition that the relation-back doctrine applies to a certificate which, by statute, is required to be filed "on or before the date of service" of the original complaint. (§ 411.35(a).) Applying the relation-back doctrine in this situation would render meaningless the statutory requirement that the certificate be filed "on or before the date of service." (§ 411.35(a).)

Section 411.35 provides an exception to the requirement that the certificate be filed "on or before the date of service." (§ 411.35(a).) Section 411.35(b)(2) provides that

7

where an attorney files an excuse certificate stating he or she was unable to obtain the consultation required by section 411.35(b)(1) because a statute of limitations would impair the action and that the certificate of merit required by section 411.35(b)(1) could not be obtained before the impairment of the action, then the certificate of merit required by section 411.35(b)(1) "shall be filed within 60 days after filing the complaint."

Sutherland did not file an excuse certificate under section 411.35(b)(2) stating that he could not obtain the required consultation before the statute of limitations impaired his action.[4] Even if Sutherland had filed an excuse certificate under section 411.35(b)(2), the subsequent certificate of merit under section 411.35(b)(1) was required to have been filed no later than 60 days after filing the complaint. In other words, assuming that an excuse certificate was filed under subdivision (b)(2) on the very last day in which the statute of limitations expired, a plaintiff has two years and an additional 60 days to file a certificate of merit.

Here, *more* than 60 days after filing his original complaint Sutherland filed an amended complaint that included a certificate of merit.[5] Application of the relation-back doctrine in this situation would render meaningless the statutory requirement that the

[4] With this said, one could reasonably infer that Sutherland was in this situation as the accident occurred on May 5, 2014, and he filed his complaint on May 3, 2016, only two days before the two-year limitation period of section 339, subd. (1) expired.

[5] The certificate of merit must contain several pieces of information, including the opinion of the person consulted that the named defendant or cross-defendant was negligent or was not negligent in the performance of the applicable professional services. (§ 411.35(b)(1).) While not argued by Curtis, the certificate of merit filed with the amended complaint is defective because it does not contain the opinion of the person consulted as required by section 411.35(b)(1).

certificate of merit be filed "within 60 days after filing the complaint." (§ 411.35(b)(2).) Moreover, applying the relation-back doctrine in this situation would mean a plaintiff has virtually an unlimited amount of time to obtain the necessary consultation as long as the plaintiff files the certificate of merit with an amended complaint that relates back to the original complaint. This cannot be what the Legislature intended.

Citing *Price v. Dames & Moore* (2001) 92 Cal.App.4th 355, Sutherland asserts that his failure to file the required certificate of merit with the original complaint can be cured by filing the required certificate of merit with an amended complaint. In *Price*, however, the plaintiff filed a certificate of merit within the statute of limitations period. (*Id.* at pp. 358, 361-362.) Although the certificate was defective, because plaintiff signed it rather than an attorney as required by section 411.35(a), the appellate court held that the trial court should have allowed leave to amend because the defect was curable. (*Id.* at pp. 360-361.) The *Price* court did not hold that a failure to timely file a certificate of merit within the statutory deadlines may be cured by leave to amend.

The trial court found support for its application of the relation back doctrine in *McVeigh v. Doe 1* (2006) 138 Cal.App.4th 898 (*McVeigh*). *McVeigh* addressed the certificate of merit requirement for victims of childhood sexual abuse 26 years of age or older when the action is filed. (§ 340.1, subd. (g).) In a provision virtually identical to

9

that contained in section 411.35(b)(2), section 340.1 allows a plaintiff to file an excuse certificate "within 60 days after filing the complaint." (§ 340.1, subd. (h)(3).)[6]

The plaintiff in *McVeigh* timely filed his complaint within the applicable statute of limitations period, but without the required certificates of merit from an attorney and mental health practitioner. (*McVeigh*, *supra*, 138 Cal.App.4th at p. 901; § 340.1, subd. (h)(1) & (2).) The plaintiff later filed an excuse certificate after the statute of limitations expired, but within 60 days after filing the complaint. (*McVeigh*, at p. 902.) The *McVeigh* court concluded that the excuse certificate under subdivision (h)(3) of section 340.1, like the certificates described in subdivisions (h)(1) and (h)(2) of section 340.1, can be filed up to 60 days after the complaint is filed, if the requisite mental health consultation cannot be timely obtained. (*Ibid.*) Here, unlike *McVeigh*, Sutherland filed his certificate of merit more than 60 days after filing his original complaint.

The *McVeigh* court addressed *Doyle v. Fenster* (1996) 47 Cal.App.4th 1701 (*Doyle*) a case that the trial court found to be distinguishable. In *Doyle*, "the plaintiff filed her action alleging childhood sexual abuse within the statute of limitations. Her certificates of merit were filed after the statute had run, and more than 60 days after the complaint was filed. No subdivision (h)(3) attorney certificate regarding the reason for the late-filed certificates of merit was ever filed. (§ 340.1, subd. (h).) The trial court

---

6    Subdivision (h)(3) of section 340.1 provides: " That the attorney was unable to obtain the consultation required by paragraph (1) because a statute of limitations would impair the action and that the certificates required by paragraphs (1) and (2) could not be obtained before the impairment of the action. If a certificate is executed pursuant to this paragraph, the certificates required by paragraphs (1) and (2) shall be filed within 60 days after filing the complaint."

10

found that the case was time-barred because the (h)(1) and (h)(2) certificates of merit were not timely filed, and dismissed the case. The Court of Appeal affirmed, holding that the very existence of subdivision (h)(3) meant that the (h)(1) and (h)(2) certificates of merit must be filed within the statute of limitations unless there is an attorney statement under (h)(3) which explains the late filing of those certificates." (*McVeigh*, *supra*, 138 Cal.App.4th at p. 905, fn. & italics omitted.) The *McVeigh* court stated that "[t]he ruling is obviously correct, but it is not a ruling on the question before us." (*Ibid.*)

The fact pattern before us is similar to that in *Doyle*. Sutherland never filed an excuse certificate regarding the reason for his late filed certificate of merit and he failed to file a certificate of merit within 60 days of filing the original complaint. The proper ruling in this situation is to enter a judgment of dismissal because the required certificate of merit was not filed within the statute of limitations period, or within 60 days after filing the original complaint.

We are not persuaded by Sutherland's argument that *Doyle* is inapposite because section 340.1, at issue in *Doyle*, prohibits a plaintiff from even naming the defendant in a complaint until the trial court has reviewed certificates of merit and determined that there is reasonable and meritorious cause for filing the action. (§ 340.1, subd. (m) ["In any action subject to [the certificate of merit requirement], no defendant may be named except by 'Doe' designation in any pleadings or papers filed in the action until there has been a showing of corroborative fact as to the charging allegations against that defendant."].) This is a distinction without a difference as subdivision (j) of section 340.1

11

and 411.35(a) require that a certificate be filed *before* any defendant (be it a Doe or named defendant) is served with the original complaint.

Finally, although the plain language of section 411.35 supports dismissal of the complaint, we find support for this result in the legislative history of section 411.35. When first introduced, the Legislative Counsel's Digest stated that "[t]he bill would provide that if consultation with an architect, professional engineer, or land surveyor could not be obtained because of a statute of limitations problem, the attorney may file such certificate stating such problem and would be required to file such certificate involving such a consultation within 60 days after filing or the complaint shall be dismissed." (Legis. Counsel's Dig., Assem. Bill No. 357 (1979–1980 Reg. Sess.) as introduced Jan. 24, 1979.) This sentence is repeated in the Legislative Counsel's Digest accompanying the chaptered bill enacting section 411.35. (Legis. Counsel's Dig., Assem. Bill No. 357, Stats. 1979, ch. 973, approved by Governor, Sept. 22, 1979.) This statement supports our conclusion that the Legislature intended to give plaintiffs a limited period of time to obtain the necessary consultation and the failure to obtain the consultation within that time period would result in dismissal of the complaint.

Sutherland failed to file the required certificate of merit within the statute of limitations period or within the 60-day period set forth in section 411.35(b)(2). Because there is no possibility of curing this defect, the demurrer must be sustained without leave to amend.

12

## DISPOSITION

Let a peremptory writ of mandate issue directing that respondent superior court vacate its order overruling petitioner's demurrer, and enter a new order sustaining petitioner's demurrer without leave to amend.  The temporary stay is vacated effective upon the issuance of the remittur.  Petitioner is entitled to its costs in this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)


NARES, J.

WE CONCUR:


McCONNELL, P. J.


BENKE, J.

13