Filed 5/9/22  Calhoun v. Roca CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

|  |  |
|---|---|
| JOHN CALHOUN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JOSEPH ROCA,<br><br>    Defendant and Respondent. | H048414<br>(Santa Clara County<br> Super. Ct. No. 18CV324529) |

Appellant Calhoun appeals an order sustaining a demurrer without leave to amend his claim of professional negligence against respondent Roca, a licensed structural engineer who prepared plans and calculations for Calhoun's residence.  The trial court concluded Calhoun's claim was time-barred, finding that Calhoun had failed to timely file the certificate of merit required by Code of Civil Procedure section 411.35.[1]  The trial court also decided this defect could not be cured by amendment to the complaint.

On appeal, Calhoun contends the trial court erred as a matter of law and raises a number of arguments challenging its conclusion that his claim is time-barred.  Calhoun argues that his original complaint substantively complied with section 411.35, the accrual date for his claim was July 2017 (not May 2017, as found by the trial court), and the

---

[1] Unspecified statutory references are to the Code of Civil Procedure.

equitable doctrines of estoppel and fraudulent concealment apply to defeat Roca's statute-of-limitations defense. For the reasons explained below, we reject Calhoun's claims and affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

On appeal from the sustaining of a demurrer, we accept as true the facts as alleged in the operative complaint. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1189, fn. 1 (*Aryeh*).)  We also accept as true facts of which a court may take judicial notice, though we do not assume the truth of contentions, deductions, or conclusions of law. (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924 (*Yvanova*).)

A. *Facts*

At all relevant times, Calhoun owned a residential property in Monte Sereno upon which he wanted to build a custom home (the residence).  Roca was a licensed structural engineer, who prepared structural drawings and calculations for the residence.  The City of Monte Sereno, following certain revisions, approved Roca's drawings and calculations.

In May 2017, a contractor working on the residence informed Calhoun of two structural problems.  The contractor was unable to install crown molding due to a depression in the first floor ceiling.  In addition, the second floor subfloor sloped by approximately one inch.

Shortly thereafter, Calhoun informed Roca about these issues.  Roca told Calhoun he would check the calculations.  Calhoun contacted Roca the next day, and Roca acknowledged that his calculations were "defective with respect to the 17-foot beam that runs between the first floor and the second floor" (the area where the two identified issues were located).

On May 26, 2017, Roca and Calhoun met at the residence for a discussion.  Roca acknowledged his responsibility for the problems and proposed a solution to fix them.

2

Calhoun and Calhoun's "new engineer" determined the fix was "unacceptable." That same day, Calhoun informed Roca that Calhoun was going to "turn this matter over to his legal counsel to handle."

On May 30, 2017 (following the Memorial Day weekend), Roca contacted Calhoun and, contrary to his prior statements, told Calhoun that "his calculations were not in error and he had no responsibility for the deficiencies." On June 16, 2017, Roca, his attorney, and a structural engineer performed a site inspection at the residence. During that site inspection, Roca did not deny responsibility for the deficiencies. Calhoun retained Brian Olson, a structural engineer, to review Roca's work and fix any errors in his drawings and calculations.

On July 18, 2017, Olson issued a report that opined Roca's "calculations were, in fact, in error." Calhoun alleges in his operative complaint that prior to July 18, 2017, he had no "actual knowledge" that Roca's calculations were wrong.

B. *Procedural Background*

On March 7, 2018, Calhoun filed and served his original complaint, which included a professional negligence cause of action against Roca.[2] The complaint included allegations about the May 26, 2017 meeting between Roca and Calhoun during which Roca acknowledged his responsibility for the structural deficiencies and Calhoun stated he was going to turn the matter over to his legal counsel.

Calhoun's attorney did not file a certificate of merit in the original complaint, as required by section 411.35, subdivisions (a) and (b).

---

[2] Calhoun also named as a defendant a contractor who worked on framing and the finish carpentry. Calhoun did not name that party in subsequent complaints, which only contained a single cause of action against Roca for professional negligence.

3

Following the filing of his original complaint, Roca's counsel and Calhoun's counsel had a series of communications between April 2018 and July 2019 that are detailed in the operative complaint (second amended complaint).[3]

On April 27, 2018, Roca's then-counsel, Jill Darsow of the Pandell Law Firm, advised Calhoun's counsel, Trevor Zink, that Roca intended to demur to the complaint based on the lack of a certificate of merit. That same day, Zink responded that he agreed a certificate of merit was needed and intended to file one shortly. Zink prepared a certificate of merit but did not file it because he determined he would also need to file an amended complaint. Additionally, Zink and Darsow "stopped focusing on the pleadings" and "began to explore how to resolve the matter."

In their communications following the filing of the original complaint, Zink and Darsow agreed to extend filing deadlines. They "verbally agreed to an open extension of time for each side to file necessary pleadings," including for Zink to file an amended complaint with a certificate of merit, so that the parties could continue to work on a negotiated resolution.

Ultimately, the parties did not resolve the matter. The complaint alleges Roca's counsel (the Pandell Law Firm[4]) caused multiple delays and "dropped dates" for mediation. Calhoun's counsel advised Roca's counsel that he was withdrawing his extension to file a responsive pleading, to which Roca's counsel responded, on July 2, 2019, that it intended to demur to the original complaint based on the lack of a certificate of merit.

---

[3] We take the facts about the discussions between counsel for the parties from the allegations in the second amended complaint.

[4] Darsow left the Pandell Law Firm and other attorneys from that law firm thereafter took over the case. By February 2019, Calhoun's counsel (Zink) was communicating with Jane Pandell and Jerome Pandell of that law firm regarding the litigation and informal resolution and mediation.

The next day, on July 3, 2019, Calhoun filed and served a first amended complaint alleging one cause of action for professional negligence against Roca. The first amended complaint, like the original complaint, admitted to the May 26, 2017 meeting in which Calhoun told Roca he was turning the matter over to his legal counsel. On July 3, 2019, Calhoun's attorney separately filed a document titled "certificate of merit." The certificate of merit was executed by Zink, Calhoun's attorney. It stated that Zink had reviewed the facts of the case, had consulted with and received an opinion as to Roca's professional negligence from at least one California-licensed structural engineer who practiced in California and was not a party to the litigation, and whom Zink reasonably believed to be knowledgeable in the relevant issues in this case. Zink "concluded on the basis of this review and consultation that there is reasonable and meritorious cause for commencing this action."

Roca demurred to the first amended complaint.

Following the filing of the first amended complaint, Calhoun filed a motion for leave to file a second amended complaint.

The trial court granted Calhoun's motion for leave to file a second amended complaint and deemed Roca's demurrer to be moot.

On January 15, 2020, Calhoun filed a second amended complaint, the operative pleading at issue in this appeal (complaint). The complaint alleged a single cause of action for professional negligence against Roca. It continued to allege that Calhoun believed Roca had performed negligently. It also alleged that, at the meeting on May 26, 2017, Roca had admitted he had erred, and Calhoun informed Roca he was referring the matter to his legal counsel.

The second amended complaint added July 18, 2017, as a date in the chain of events in the dispute. The complaint alleged that on that date, Calhoun's retained engineer had issued a report that indicated Roca's calculations were "in fact, in error."

5

The second amended complaint further added allegations directed at the certificate of merit issue and the communications between counsel for Calhoun and Roca after the filing of Calhoun's original complaint. The complaint admitted that Roca's defense counsel had told Calhoun's counsel, Zink, that a certificate of merit was required for a valid professional negligence claim in April 2018, shortly after Zink had filed the original complaint on Calhoun's behalf. The complaint stated that following this advisement from Roca's counsel, Zink had concluded Roca's counsel was correct and he had prepared a certificate of merit to be filed.

Regarding the certificate of merit, the second amended complaint acknowledged that Zink had not filed a certificate of merit pursuant to section 411.35 with the original complaint. The second amended complaint stated, inter alia, that two prior paragraphs in the original complaint (paragraphs 16 and 17 of the original complaint) contained the "essential allegations" of the requirements for a certificate of merit and those paragraphs were in effect a "defective" certificate of merit that "exceed" the substantive requirements of the certificate of merit.

Roca demurred to the second amended complaint on the basis that Calhoun's action was barred by the two-year statute of limitations for his claim (§ 339, subd. (1)). Roca further maintained that the doctrine of equitable estoppel did not apply.

Calhoun opposed Roca's demurrer. Calhoun maintained his claim should not be dismissed as time-barred because the original complaint complied with all the statutory requirements of a certificate of merit. In addition, Calhoun contended the doctrine of fraudulent concealment acted to toll the statute of limitations and the doctrine of equitable estoppel served to estop Roca from asserting the statute of limitations defense.

On July 10, 2020, the trial court filed a written order sustaining the demurrer without leave to amend. The trial court found that Calhoun's claim for professional negligence accrued, and the applicable two-year limitations period under section 339, subdivision (1), began running no later than May 26, 2017. It concluded that, as the

6

certificate of merit was not filed with the original complaint, "no valid professional negligence was stated, and the limitations period continued to run." The trial court found that the claim became time-barred well before the filing of the first amended complaint (which was accompanied by a certificate of merit) on July 3, 2019. The trial court concluded that the "relation-back doctrine did not apply to the certificate of merit" filed on July 3, 2019, and Calhoun's claim was time-barred, and this defect could not be cured.[5]

This appeal followed.[6]

## II. DISCUSSION

Calhoun contends the trial court erred as a matter of law in sustaining the demurrer to the second amended complaint without leave to amend based on Calhoun's failure to timely file a certificate of merit as required by section 411.35, subdivisions (a) and (b). Calhoun raises four arguments in support of reversal. First, Calhoun claims his original complaint complied in "substance" with the certificate-of-merit requirement. Second, Calhoun maintains the first amended complaint, which was accompanied by a certificate of merit, was timely filed based on the accrual date of July 18, 2017. Third and fourth, and assuming his claim is otherwise time-barred, Calhoun maintains two equitable doctrines—equitable estoppel and fraudulent concealment—apply to defeat Roca's statute-of-limitations defense. Before addressing these arguments, we set forth our standard of review and applicable general legal principles.

---

[5] The trial court relied largely on *Curtis Engineering Corp. v. Superior Court* (2017) 16 Cal.App.5th 542, 546 (*Curtis*). On appeal, Calhoun does not claim error as to the trial court's application of the relation-back doctrine and the holding on that issue in *Curtis*. We discuss Curtis, *post*, in our analysis of Calhoun's appellate claims.

[6] Calhoun filed a notice of appeal from the order sustaining the demurrer without leave to amend. There is not a judgment of dismissal in the record on appeal. We deem the order on the demurrer to incorporate a judgment of dismissal and treat the order as appealable. (See *Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527, fn. 1.)

A.  *Legal Principles*

      1.  Standard of Review

We independently review the trial court's order sustaining a demurrer without leave to amend.  (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1230 (*Lee*).)

A trial court may sustain a demurrer based on the statute of limitations if the " ' " 'defect [] clearly and affirmatively appear[s] on the face of the complaint; it is not enough that the complaint shows that the action may be barred.' " ' "  (*Lee*, *supra*, 61 Cal.4th  at p. 1232; see also *Camsi IV v. Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1538.)

"To determine whether the trial court should, in sustaining the demurrer, have granted the plaintiff leave to amend, we consider whether on the pleaded and noticeable facts there is a reasonable possibility of an amendment that would cure the complaint's legal defect or defects."  (*Yvanova*, *supra*, 62 Cal.4th at p. 924.)  The plaintiff has the burden of demonstrating there is a reasonable possibility the defect can be cured by amendment, and that the trial court abused its discretion in finding otherwise.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)

      2.  Section 411.35

Section 411.35 seeks to deter baseless professional negligence suits.  (*UDC-Universal Development, L.P. v. CH2M Hill* (2010) 181 Cal.App.4th 10, 27.)  It requires, inter alia, "the attorney for plaintiffs or cross-complainants in certain professional negligence cases to serve and file a certificate on the defendant or cross-defendant on or before the date of service of the complaint or cross-complaint declaring that he or she has consulted with and received an opinion from an expert in the field, or an adequate excuse for not doing so.  (§ 411.35, subd. (a), (b).)"  (*Curtis*, *supra*, 16 Cal.App.5th at pp. 544–545.)

By statute, a plaintiff's attorney "shall file and serve" a "certificate" in "every action . . . arising out of the professional negligence of a person holding a . .  valid

registration as a professional engineer," and must file and serve this certificate "on or before the date of service of the complaint." (§ 411.35, subd. (a).)

Subdivision (b) of section 411.35 mandates the filing of one of three types of certificates, generally referred to as " 'certificate of merit' " or " 'excuse certificates.' " (*Curtis*, *supra*, 16 Cal.App.5th at p. 547, fn. 3.)[7] The certificate of merit at issue in this appeal is described in section 411.35, subdivision (b)(1) (hereafter section 411.35(b)(1)).

Section 411.35(b)(1) requires a plaintiff's attorney to execute a certificate of merit that declares "[t]hat the attorney has reviewed the facts of the case, that the attorney has consulted with and received an opinion from at least one architect, professional engineer, or land surveyor who is licensed to practice and practices in this state or any other state, or who teaches at an accredited college or university and is licensed to practice in this state or any other state, in the same discipline as the defendant . . . and who the attorney

_____

[7] Subdivision (b) of section 411.35 states in full: "A certificate shall be executed by the attorney for the plaintiff or cross-complainant declaring one of the following:

"(1) That the attorney has reviewed the facts of the case, that the attorney has consulted with and received an opinion from at least one architect, professional engineer, or land surveyor who is licensed to practice and practices in this state or any other state, or who teaches at an accredited college or university and is licensed to practice in this state or any other state, in the same discipline as the defendant or cross-defendant and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of this review and consultation that there is reasonable and meritorious cause for the filing of this action. The person consulted may not be a party to the litigation. The person consulted shall render his or her opinion that the named defendant or cross-defendant was negligent or was not negligent in the performance of the applicable professional services.

"(2) That the attorney was unable to obtain the consultation required by paragraph (1) because a statute of limitations would impair the action and that the certificate required by paragraph (1) could not be obtained before the impairment of the action. If a certificate is executed pursuant to this paragraph, the certificate required by paragraph (1) shall be filed within 60 days after filing the complaint.

"(3) That the attorney was unable to obtain the consultation required by paragraph (1) because the attorney had made three separate good faith attempts with three separate architects, professional engineers, or land surveyors to obtain this consultation and none of those contacted would agree to the consultation." (§ 411.35, subd. (b).)

9

reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of this review and consultation that there is reasonable and meritorious cause for the filing of this action. The person consulted may not be a party to the litigation. The person consulted shall render his or her opinion that the named defendant . . . was negligent or was not negligent in the performance of the applicable professional services." (§ 411.35(b)(1).)

A defendant is authorized by statute to demur on the ground that "[n]o certificate was filed as required by Section 411.35." (§ 430.10, subd. (h).)

A certificate pursuant to section 411.35 must be filed before the running of the statute of limitations on an applicable professional negligence claim. (See *Curtis*, *supra*, 16 Cal.App.5th at pp. 550–551.) Statutory law (section 411.35, subdivision (b)(2)) permits an attorney who is unable to obtain the consultation required by section 411.35(b)(1) before the statute of limitations runs to execute a so-called "excuse certificate" and thereafter file a certificate of merit within 60 days after filing the complaint. (§ 411.35, subd. (b)(2); *Curtis*, at p. 548.)

The Court of Appeal in *Curtis* held that where a plaintiff has failed to file the required certificate of merit within the statute of limitations period, or within the 60-day period set forth in section 411.35, subdivision (b)(2), there is no possibility of curing this defect, and a demurrer must be sustained without leave to amend. (*Curtis*, *supra*, 16 Cal.App.5th at pp. 550–551.)

### 3. Statute of Limitations and Equitable Exceptions

Calhoun's professional negligence claim against Roca is governed by section 339, subdivision 1, which specifies a two-year period of limitations for any action "upon a contract, obligation or liability not founded upon an instrument of writing." (§ 339, subd.

10

1; see *Slavin v. Trout* (1993) 18 Cal.App.4th 1536, 1539.)[8]  Thus, in order for his suit to be timely filed, Calhoun had to bring his claim within two years of its accrual.

Regarding the date of accrual, "[t]he general rule for defining the accrual of a cause of action sets the date as the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.' " (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397.)  In professional negligence actions, the statute of limitations begins to run upon discovery of the error and the occurrence of "appreciable harm." (*Price v. Dames & Moore* (2001) 92 Cal.App.4th 355, 361 (*Price*).)

Limitations periods are subject to equitable exceptions.  (*Aryeh, supra*, 55 Cal.4th at p. 1192.)  Calhoun argues that the doctrines of equitable estoppel and fraudulent concealment apply here.

We now turn to Calhoun's contentions of error.

B.  *Analysis*

1.  Application of Section 411.35

Calhoun acknowledges that he did not file or serve a certificate of merit with his original complaint, dated March 7, 2018.[9]  Nevertheless, Calhoun submits that his original complaint contained the "essentials" of a certificate of merit and therefore it was timely filed.  To find otherwise would, in Calhoun's words, "exalt form over substance."

The "essentials" that Calhoun points to are the allegations in paragraphs 16 and 17 of his original complaint, which state in full:

"16.  On June 16, 2017, [Roca], his attorney, and a structural engineer performed a site inspection at the Residence.  After not hearing anything substantive from [Roca's] attorney, Plaintiff could no longer delay the Project, and retained a new structural

---

[8] Calhoun does not challenge the applicability of section 339, subdivision 1, to his professional negligence claim.

[9] Nor did Calhoun's attorney file an excuse certificate pursuant to section 411.35, subdivision (b)(2), stating that he could not obtain the required consultation before the statute of limitations impaired his action.

11

engineer, Brian Olson of Allana Buick & Bers, Inc., to redo the calculations and fix all of the errors in [Roca's] drawings and calculations.

"17. Shortly after Plaintiff retained Mr. Olson, [Roca] again acknowledged that his calculations were in error. On August 1, 2017, after [Roca] was unable to recommend a contractor to assist with repairing the defective work, [Roca] asked Plaintiff to find his own repair contractor to perform the repair work."

Calhoun does not point to any textual support in the statute for his argument that a plaintiff may satisfy section 411.35 through allegations in the complaint itself. Indeed, Calhoun's operative complaint acknowledges that he agreed with defense counsel in April 2018 (after the filing of his original complaint), that he needed to file a certificate of merit along with the original complaint and thereafter prepared one.

In any event, we need not resolve whether a complaint's allegations can fulfill the requirement of section 411.35, because we agree with Roca that the paragraphs in the original complaint quoted above do not comply with certificate-of-merit requirements set forth in the statute. For example, the allegations do not allege that Olson (Calhoun's retained structural engineer) consulted with Calhoun's attorney and rendered his opinion that Roca "was negligent or was not negligent in the performance of the applicable professional services." (§ 411.35(b)(1).) The complaint's allegations, therefore, did not comply with all the substantive requirements of a certificate of merit set forth in section 411.35. (§ 411.35(b)(1); *Curtis*, *supra*, 16 Cal.App.5th at p. 552.)

In urging us to place substance over form, Calhoun emphasizes his suit is not frivolous. He asserts his damages "are in excess of $80,000 due to Roca's flawed drawings and calculations." However, this statement—even if true—is legally irrelevant.

*Jackson v. Doe* (2011) 192 Cal.App.4th 742, a case cited by both parties here, is instructive. In *Jackson,* the Court of Appeal analyzed a similar statutory provision requiring a certificate of merit in an action for damages based on childhood sexual assault (see section 340.1) that was modeled after section 411.35. (*Jackson*, at p. 751, fn. 5.)

12

The court rejected the claim that a plaintiff was excused from filing the certificates because the plaintiff was representing herself. The court observed that "[w]hile the statute contains exceptions, nowhere does it excuse a plaintiff from filing the certificates of merit because the plaintiff is representing himself or herself." (*Id.* at p. 751.) The court stated that plaintiff "may have a meritorious claim against defendant, but her failure to comply with section 3401.1, subdivision (h), prevents her from prosecuting that claim." (*Id.* at p. 752.)

While Calhoun may similarly have a non-frivolous claim, no statutory or other legal basis excuses his failure to comply with the mandates of section 411.35.

### 2. Date of Accrual

Calhoun also challenges the trial court's analysis of the accrual date of his claim. The trial court found Calhoun's professional negligence claim against Roca accrued in May 2017. By contrast, Calhoun asserts that his claim accrued on July 18, 2017, the date Olson (the structural engineer whom Calhoun retained after Roca) issued a report that opined Roca's "calculations were, in fact, in error." Calhoun alleges in his operative complaint (i.e., the second amended complaint) that, prior to that date, he had no "actual knowledge" that Roca's calculations were wrong. Calhoun contends that, based on this July 18, 2017 accrual date, the first amended complaint (which did have a certificate of merit), filed on July 3, 2019, was timely.

Roca responds that the face of the second amended complaint shows—as the trial court found—that the claim accrued earlier, on May 26, 2017. On that date, Roca and Calhoun met at the residence to discuss the structural issues, Roca acknowledged his responsibility for the deficiencies, and Calhoun informed Roca that his proposed remedy was unacceptable and that he was going to turn over the matter to his legal counsel.

As noted above, the statute of limitations in a professional malpractice action does not begin to run until the occurrence of both discovery of the error and appreciable harm. (*Price*, *supra*, 92 Cal.App.4th at p. 361.) " 'A plaintiff is charged with "presumptive"

13

knowledge so as to commence the running of the statute once he or she has " 'notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation.' " ' " (*McCoy v. Gustafson* (2009) 180 Cal.App.4th 56, 109 (*McCoy*).) This general rule applies in professional negligence cases. (See *Czajkowski v. Haskell & White, LLP* (2012) 208 Cal.App.4th 166, 179.) The "policy of charging plaintiffs with presumptive knowledge of the wrongful cause of an injury is consistent with our general policy encouraging plaintiffs to pursue their claims diligently." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808.)

Calhoun contends he did not "actually," "formally," or "definitively" know about Roca's erroneous calculations until the new structural engineer retained by Calhoun (Olson) issued the report on July 18, 2017, confirming Roca's errors. But Calhoun provides no authority in support of his argument that a claim only accrues when a plaintiff possesses definitive knowledge of professional negligence. Indeed, the section of his opening brief addressing this claim is devoid of any authority, let alone any authority that supports his claim.[10] As the appellant, it is Calhoun's burden, even on de novo review in the context of a demurrer, to demonstrate that the trial court erred. (See *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.)

---

[10] In his reply brief, Calhoun cites to *Love v. Fire Ins. Exchange* (1990) 221 Cal.App.3d 1136, an insurance claim case, but that case does not assist Calhoun, because it confirms that a limitations period commences when a party either knows or "should know" the facts essential to his claim. (*Id.* at p. 1143.) Calhoun specifically points to the language in the opinion that states "[w]here an insured observes abnormal damage, hires an engineering firm to investigate, and obtains a report stating earth movement and third party negligence are causes of the damage, his causes of action against the insurer accrue on receipt of such report." (*Ibid.*) We do not understand that decision to state an absolute rule that a cause of action may only accrue when a plaintiff obtains a "report" and not sooner, and, accordingly, does not mandate reversal of the trial court's order in this case.

14

Moreover, his claim fails on the merits. As is clear from case law involving claims of negligence, including from this court (*McCoy*, *supra*, 180 Cal.App.4th at p. 109), "discovery" of error begins—not at the point of actual knowledge—but upon presumptive knowledge. In *McCoy*, this court confirmed that under the law "expert confirmation is not a prerequisite to the discovery that one's soil has been contaminate by oil" (*ibid.*), and the plaintiff in that case was on presumptive notice based on her mother's knowledge that oil was seeping onto the property and had complained about it (*id. at* pp. 109–110).

As shown on the face of the complaint, in May 2017 Calhoun's contractor informed him of two structural issues in the floor and ceiling of the residence, including that the floor in one area sloped about one inch. Shortly thereafter, Roca acknowledged to Calhoun that his calculations were "defective" as to the beam running between the first and second floor. Calhoun and Roca met at the residence on May 26, 2017, to discuss the identified issues, when Roca "again" acknowledged his responsibility "for these deficiencies" and proposed a solution to fix them. Calhoun rejected Roca's proposal and that same date informed Roca that Calhoun was going to pursue a legal remedy.

Given these allegations, a reasonable plaintiff would have investigated the issue further—as Calhoun did by retaining another engineer (Olson). That his retained engineer had not "definitively" confirmed the errors in a formal report does not defeat the inescapable conclusion that Calhoun was on presumptive notice prior to that date.

We therefore agree with the trial court that the negligence claim accrued as of May 26, 2017, and the statute of limitations for his professional negligence claim expired two years later (by May 28, 2019[11]), well before the first amended complaint and certificate

---

[11] As the two-year statute of limitations deadline fell on Sunday, May 26, 2019, and Monday, May 27, 2019, was the Memorial Day holiday, the deadline was extended to May 28, 2019. (See § 12.)

of merit were filed on July 3, 2019. Therefore, Calhoun did not comply with section 411.35.

We turn now to Calhoun's arguments based on established equitable doctrines.

### 3. Equitable Estoppel

Calhoun argues the doctrine of equitable estoppel applies, based on the extended series of communications he had with Roca's counsel to resolve the matter. Calhoun argues that "[a]lthough the trial court faulted Plaintiff's counsel for supposedly ignoring the limitations period, Defendant's counsel had a least the same responsibility—if not more—for causing these discussions to proceed for nearly a year, when they eventually became unsuccessful."

" ' " 'Equitable estoppel . . . comes into play only after the limitations period has run and addresses . . . the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period. [Equitable estoppel] is wholly independent of the limitations period itself and takes its life . . . from the equitable principle that no man [may] profit from his own wrongdoing in a court of justice.' " ' " (*Atwater Elementary School Dist. v. California Dept. of General Services* (2007) 41 Cal.4th 227, 232.)

" 'Generally speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury. [Citations.]' [Citation.] The detrimental reliance must be reasonable. [Citations.] 'The defendant's statement or conduct must amount to a misrepresentation bearing on the necessity of bringing a timely suit.' " (*May v. City of Milpitas* (2013) 217 Cal.App.4th 1307, 1338, italics omitted (*May*).)

16

" 'As [the California Supreme Court] long ago explained in *McKeen v. Naughton* (1891) 88 Cal. 462, 467 . . ., " 'in order to work an estoppel,' " a representation " 'must generally be a statement of fact. It can rarely happen that the statement of a proposition of law will conclude the party making it from denying its correctness, except when it is understood to mean nothing but a simple statement of fact.' [Citation.]" [Citation.] '[I]n the absence of a confidential relationship . . . where the material facts are known to both parties and the pertinent provisions of law are equally accessible to them, a party's inaccurate statement of the law or failure to remind the other party about a statute of limitations cannot give rise to an estoppel.' " (*May*, *supra*, 217 Cal.App.4th at p. 1338.)

"Moreover, '[i]n general, the law "particularly" disfavors estoppels "where the party attempting to raise the estoppel is represented by an attorney at law." [Citation.] For purposes of analyzing estoppel claims, attorneys are "charged with knowledge of the law in California." ' " (*May*, *supra*, 217 Cal.App.4th at p. 1339.)

"The 'existence of an estoppel is generally a question of fact' [citation], but estoppel can be denied if the asserted reliance was unreasonable as a matter of law." (*Organizacion Comunidad De Alviso v. City of San Jose* (2021) 60 Cal.App.5th 783, 796.)

Applying these principles and having independently reviewed the complaint, we reject Calhoun's argument that the doctrine of equitable estoppel applies. As the trial court properly noted, the complaint states that in April 2018, approximately one month after Calhoun filed his original complaint, Roca's counsel (Jill Darsow) advised Calhoun's counsel (Zink) that Roca intended to demur to the complaint because there was no certificate of merit on file. Zink responded that he recognized she was correct and intended to file a certificate. The complaint does not allege that Darsow or the attorneys from her law firm that subsequently handled the case on behalf of Roca ever advised Zink that he was not legally obligated to file a certificate of merit or made any misrepresentation of fact. Calhoun was represented by his attorney Zink throughout the

17

litigation in the trial court and Zink, as the trial court appropriately found, could have researched the governing law, including the *Curtis* decision.

That there were protracted attempts to informally resolve the litigation is insufficient under these circumstances to give rise to equitable estoppel. We acknowledge that "[s]ettlement negotiations are relevant and admissible to prove an estoppel to assert the statute of limitations." (*Holdgrafer v. Unocal Corp.* (2008) 160 Cal.App.4th 907, 927.) While Calhoun relies on *Holdgrafer* for his equitable estoppel claim, the facts here, even assuming all the allegations are true in the complaint, are distinguishable. *Holdgrafer* involved an environmental contamination case involving an oil company that had informed the landowners its "investigation of the matter was ongoing," it would "begin remediation of the contamination," and it "would do whatever was necessary to ensure that the affected property owners did not suffer any damages." (*Id*. at p. 926.) Based on these statements, the landowners believed the oil company "would 'take care of the problem' without the need for a lawsuit." (*Id.* at p. 917.) On these facts, the *Holdgrafer* court concluded that the oil company was equitably estopped from asserting a statute of limitations defense. (*Id.* at pp. 925–927.)

The material facts here (crediting the allegations in the complaint) are markedly different. The statements at issue for purposes of the estoppel claim occurred solely between counsel. Roca's counsel alerted Calhoun's counsel of the need for a certificate of merit. While Calhoun alleges there was a verbal agreement to extend the time for filing the necessary papers, he does not contend the attorneys misrepresented any facts. Further, Calhoun does not dispute the trial court's finding that his attorney was able to research the applicable law, and indeed had a professional obligation to do so.

The other authority cited by Calhoun is even less relevant. He cites to *Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 319, but in that decision the California Supreme Court rejected an estoppel argument made by a plaintiff stating that the attorneys did not misrepresent any facts. The court observed that "at most the defense

18

attorney represented that he would attempt to reschedule the settlement conference" and "[c]ontrary to plaintiffs' assertion, this conduct did not modify the provision in the parties' contract that any demand for arbitration be made within a specific period." (*Id.* at p. 320.) The *Platt* decision undermines Calhoun's equitable estoppel claim here because, as in *Platt*, there are no allegations of factual misrepresentations.

We conclude that Calhoun has not met his burden on appeal to show the equitable estoppel doctrine applies in this case, and we see no basis to reverse the trial court's order sustaining the demurrer to the second amended complaint as time-barred based on that doctrine.

### 4. Fraudulent Concealment

Calhoun argues Roca engaged in fraudulent concealment when he altered his statements about whether he had erred in the calculations related to the residence.[12] The complaint alleges Roca first told Calhoun on May 26, 2017, when they discussed the structural issues, that he had erred in his calculations. However, Roca then told Calhoun, on May 30, 2017, that he had not erred and his calculations were correct. Calhoun claims that the statute of limitations should be tolled from May 30, 2017, until the date Olson issued his report on July 18, 2017, which definitively concluded Roca had erred.

"The doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale." (*Aryeh*, *supra*, 55 Cal.4th at p. 1192.) With fraudulent concealment, the delayed discovery must be the result of the defendant's intentionally preventing the plaintiff from instituting suit. (*Pashley v. Pacific Electric Railway Co.* (1944) 25 Cal.2d 226, 231–232.) The running of the statute of limitations is tolled, "but only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable

---

[12] Respondent asserts Calhoun first raised this claim of fraudulent concealment on appeal. However, Calhoun did make this argument in his opposition to Roca's demurrer to the trial court. The trial court did not address the doctrine in its written order.

diligence, should have discovered it." (*Sanchez v. South Hoover Hospital* (1976) 18 Cal.3d 93, 99.) "[T]he doctrine of fraudulent concealment for tolling the statute of limitation ' "does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim." ' " (*MGA Entertainment, Inc. v. Mattel, Inc.* (2019) 41 Cal.App.5th 554, 561.)

We agree with Roca that the facts as alleged in the second amended complaint, even assuming they are true, do not establish or lead to any reasonable inference that Roca fraudulently concealed his professional negligence. The face of the complaint demonstrates Calhoun was on notice of a potential claim as of May 26, 2017, when Roca and Calhoun met at the property to discuss the identified issues.

We do not agree with Calhoun that Roca hindered litigation when he later, on May 30, 2017, changed his position and denied his calculations were erroneous (after Calhoun informed Roca he was referring the matter to counsel). As Roca points out, the California Supreme Court has held, in the context of an insurance claim, that a defendant's denial of liability by itself is insufficient to show the defendant engaged in concealment or fraud. (See *Neff v. New York Life Insurance* (1947) 30 Cal.2d 165, 171–172.) There are no allegations that Roca took any affirmative action to prevent Calhoun from discussing the matter with his counsel and, indeed, Calhoun had already retained another engineer to evaluate Roca's calculations.

*Pashley*, *supra*, 25 Cal.2d 226—the main authority relied on by Calhoun for his fraudulent concealment claim—does not assist him. In *Pashley*, a personal injury case, our high court concluded that the plaintiff had been "lulled [] into a sense of security" (*id.* at p. 236) by the defendant's employed physicians who treated plaintiff and who told him his eye injury would heal but in fact knew that the injury would eventually cause a cataract and the destruction of eyesight and "made the alleged representations for the purpose and with the intent of preventing the plaintiff from bringing an action within the statutory period of one year" (*id.* at p. 228). Our high court emphasized the nature of the

20

relationship of the parties, in that defendant had voluntarily used its own doctors to treat plaintiff and then those doctors had failed to disclose to plaintiff the full extent of his injury or the probable future disability that would arise (and which did not arise until later), which the court determined was "designed to conceal facts known to it and intended to prevent plaintiff's consulting other physicians and thus hinder him from bringing action until after the running of the statutory period of limitations." (*Id.* at p. 235.) The court further noted that "[n]o fact as to the plaintiff's condition is alleged which could be deemed to have put him on earlier notice." (*Ibid.*)

The facts here are plainly different. Calhoun and Roca did not share a similar confidential relationship, and the structural issues caused visible defects that Calhoun's contractor pointed out. Nor is there any allegation that Roca deterred Calhoun from investigating his errors or filing suit. By May 26, 2017, Calhoun had rejected Roca's proposed solution for the structural deficiencies and had stated he was going to turn the matter over to his legal counsel. We therefore conclude that the fraudulent concealment doctrine does not apply and the trial court correctly determined Calhoun's claim was time-barred.

### 5. Leave to Amend

"[L]eave to amend is properly granted where resolution of the legal issues does not foreclose the possibility that the plaintiff may supply necessary factual allegations." (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 747.) Calhoun has not shown any reasonable possibility of further amending the complaint to show his professional negligence claim against Roca is not time-barred, including on grounds of equitable estoppel or fraudulent concealment. Calhoun cites in his briefing to *Price*, *supra*, 92 Cal.App.4th 355 and *Strauch v. Superior Court* (1980) 107 Cal.App.3d 45 for the proposition that a certificate requirement can be cured by amendment. However, those cases do not assist Calhoun because they did not involve any statute of limitations issue. In contrast to those cases, there is no way for Calhoun to now cure the defect that his

21

claim is time-barred. As Calhoun presents no additional facts for us to conclude otherwise, we decide the trial court did not abuse its discretion in sustaining the demurrer without leave to amend. (See *Blank*, *supra*, 39 Cal.3d at p. 318; *May*, *supra*, 217 Cal.App.4th at p. 1339.)

## III. DISPOSITION

The judgment is affirmed. Respondent Roca is entitled to recover his reasonable costs on appeal in this matter. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____
                  Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
Grover, J.

**H048414**
*Calhoun v. Roca*