Filed 8/3/22  P. v. Preciado CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F083190 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. VCF281317) |
| JACOB PRECIADO, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

William P. Daly for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, A. Kay Lauterbach and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Smith, J. and Meehan, J.

## PROCEDURAL BACKGROUND

In 2017, defendant Jacob Preciado was convicted of two counts of committing a lewd or lascivious act against a child under the age of 14 years, in violation of Penal Code section 288, subdivision (a),[1] and the jury found the special allegation that defendant had "substantial sexual conduct with a victim who is under 14 years of age" true (§ 1203.066, subd. (a)(8)).[2] The trial court sentenced defendant to the middle term of six years on count 2 and a concurrent middle term of six years on count 1. Defendant appealed.

In *Preciado I*, defendant advanced seven claims. He argued that the alternative diagnostic evaluation proposed by the trial court pursuant to sections 1203.03, subdivision (a), and 1203.067, subdivision (a)(1), violated his right to equal protection under federal and state law; and he requested remand for a hearing on his eligibility for mental health diversion under section 1001.36. He also argued that the trial court abused its discretion in permitting the prosecutor to amend the information to conform to proof at trial; his conviction on count 1 was unsupported by substantial evidence of sexually motivated intent; and the trial court erred in instructing the jury on "substantial sexual conduct" under section 1203.066, subdivision (b), requiring reversal per se. Lastly, defendant argued that the trial court erred in denying his motion for a new trial on the ground of ineffective assistance of counsel and in failing to stay his sentence on count 1 under section 654.

The People conceded that in light of the California Supreme Court's then-recent decision in *Frahs*, defendant was entitled to a conditional, limited remand under

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    We take judicial notice of our prior nonpublished opinion in *People v. Preciado* (July 27, 2020, F076863) 2020 Cal.App. Unpub. Lexis 4818 (*Preciado I*), and the appellate record in that case. (Evid. Code, §§ 452, subd. (d), 459.)

2.

section 1001.36. (*People v. Frahs* (2020) 9 Cal.5th 618, 624–625 (*Frahs*).) As to defendant's other claims, the People contended no reversible errors occurred.

We rejected all of defendant's claims in *Preciado I* except for his request for remand under section 1001.36, which we granted given the decision in *Frahs*. (*Frahs, supra*, 9 Cal.5th at pp. 624–625.) After our opinion was issued, the People filed a petition for rehearing seeking to advance a new argument not raised in briefing or during oral argument: defendant's categorical ineligibility for diversion under the statute as amended. We denied the petition for rehearing.

On remand, the trial court denied defendant's request for diversion, concluding that pursuant to section 1001.36, subdivision (b)(2)(D), defendant was categorically ineligible based on his conviction offense.

Defendant appealed. He claims the trial court erred, and he is entitled both to a diversion hearing under the terms of our remand order and to application of section 1001.36 as originally enacted. The People dispute entitlement to relief under either argument.

Additionally, we invited the parties to file supplemental letter briefs addressing Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567 or Sen. Bill 567), which amended section 1170 effective January 1, 2022. (Gov. Code, § 68081.) The parties agree that remand for resentencing is required under Senate Bill 567.

For the reasons set forth below, we reject defendant's arguments of error and affirm the trial court's ruling, which results in reinstatement of defendant's conviction. However, defendant was 20 years old at the time of the crimes and he is entitled to be resentenced in light of Senate Bill 567, which amended section 1170 to create a presumption in favor of the lower term for those under the age of 26 years at the time of their crime. (§ 1170, (b)(6)(B).)

## DISCUSSION

### I.     Mental Health Diversion Eligibility

#### A.     Section 1001.36

Defendant was convicted on August 3, 2017, and sentenced on January 8, 2018. Effective June 27, 2018, the Legislature added section 1001.36 to the Penal Code.  (Stats. 2018, ch. 34, § 24, pp. 34–37.)  Pursuant to section 1001.36, certain defendants suffering from mental disorders may be eligible for diversion (§ 1001.36, subds. (a), (b)), which is defined as "postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment" (*id.*, subd. (c)).  "If the defendant has performed satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion.…" (*Id.*, subd. (e).)

In *Frahs*, the California Supreme Court resolved a split of authority in the appellate courts and held that under *Estrada*,[3] section 1001.36 applies retroactively to all nonfinal cases.  (*Frahs, supra*, 9 Cal.5th at pp. 624–625, 634.)  However, at issue here, the Legislature amended section 1001.36 effective January 1, 2019, to categorically exclude certain defendants from eligibility for diversion based on the charged offense, specifically those charged with murder or involuntary manslaughter, certain sexual offenses, or offenses relating to weapons of mass destruction.  (*Id.*, subd. (b)(2), added by Stats. 2018, ch. 1005, § 1, pp. 1–5.)[4]  As amended, defendant is categorically ineligible for placement in a diversion program under subdivision (b)(2)(D) of section 1001.36

---

[3]     *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

[4]     Section 1001.36 was subsequently amended a second time, effective January 1, 2020, to make nonsubstantive technical corrections.  (Stats. 2019, ch. 497, § 203, pp. 328–332.)

4.

because he was charged with, and convicted of, committing a lewd or lascivious act on a child under 14 years of age.

Defendant advances two arguments in this appeal. One, the trial court failed to adhere to this court's remand instructions and hold a full diversion hearing.[5] Two, the amendment to section 1001.36 rendering him categorically ineligible for placement in a diversion program does not apply retroactively and he is entitled to application of the original version of the statute. The People dispute defendant's entitlement to relief.

**B.    Remand Order**

The disposition in *Preciado I* was as follows: "The judgment is conditionally reversed and *remanded for an eligibility determination under section 1001.36*. In accordance with *Frahs, supra*, 9 Cal.5th at page 637, '"[i]f the trial court finds that [the defendant] suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria (as nearly as possible given the postconviction procedural posture of this case), then the court may grant diversion. If [the defendant] successfully completes diversion, then the court shall dismiss the charges. However, *if the court determines that* [*the defendant*] *does not meet the criteria under section 1001.36*, or if [the defendant] does not successfully complete diversion, then his convictions and sentence shall be reinstated."'" (*Preciado I, supra*, 2020 Cal.App. Unpub. Lexis 4818, *47–48, italics added.)

Defendant characterizes mention in *Preciado I* of the People's concession, made during oral argument, as binding with respect to his entitlement to a full hearing and diversion if he meets the requirements under the original version of the statute. (*Preciado I, supra*, 2020 Cal.App. Unpub. Lexis 4818, *15.) To the contrary, in

---

[5]    In addition to their merits-based argument, the People assert that defendant forfeited this claim for failure to object in the trial court. We elect to resolve the claim on its merits and, therefore, do not reach the issue of forfeiture. (*People v. McDaniel* (2021) 12 Cal.5th 97, 131–132.)

*Preciado I*, the People argued in their opening brief that the Court of Appeal's decision in *People v. Frahs* (2018) 27 Cal.App.5th 784 was incorrect and section 1001.36 was not retroactive as to criminal defendants whose guilt had been adjudicated. Subsequently, the California Supreme Court agreed with the decision in *Frahs* and concluded that section 1001.36 applies retroactively in nonfinal cases. (*Frahs, supra*, 9 Cal.5th at p. 624.) During oral argument, the People conceded that remand was appropriate in light of *Frahs*.

As one of the prosecutors expressed on remand, this court neither considered nor weighed in on the effect of the amendments to section 1001.36, as that issue was not resolved by the California Supreme Court in *Frahs* and it was not timely raised by the parties in *Preciado I*, despite the opportunity to do so. (*People v. Holford* (2012) 203 Cal.App.4th 155, 159, fn. 2 ["[I]t is 'too late to urge a point for the first time in a petition for rehearing, after the case ha[s] been fully considered and decided by the court upon the points presented in the original briefs.'"]; accord, *Curtis Engineering Corp. v. Superior Court* (2017) 16 Cal.App.5th 542, 551 ["Generally, a party may not assert new arguments and authorities for the first time in a petition for rehearing."].) Although we are not bound by a party's concession on a point of law in any event (*People v. Vivar* (2021) 11 Cal.5th 510, 524), the People's concession during oral argument cannot conceivably be interpreted to include a legal issue not considered and decided in either *Frahs* or *Preciado I*.

Our remand order required the trial court to determine whether defendant was eligible for diversion. The court concluded he was not, by virtue of his categorical exclusion under subdivision (b)(2)(D) of section 1001.36. We reject defendant's argument that more was required of the trial court on remand and turn to the issue of whether the court erred when it found that defendant was subject to the amended version of the statute.

### C. Amended Version of Section 1001.36 Applies

On remand, the trial court concluded, "I believe that [defendant] is statutorily ineligible for mental health diversion under Section 1001.35 and 36 as reflected in the current version of the statute." Defendant argues this was error.

Relying on section 3 and *Frahs*, defendant contends that section 1001.36 applies retroactively to this case, but because the subsequent amendment restricting eligibility is not ameliorative, it is presumed to operate prospectively under section 3. In addition, he contends that application of the amended version in this case is prevented by constitutional ex post facto principles. Citing *People v. Cawkwell* (2019) 34 Cal.App.5th 1048, 1054 (*Cawkwell*), the People take the position that application of the amendment does not violate ex post facto principles.

As defendant asserts, "[n]o part of [the Penal Code] is retroactive, unless expressly so declared." (§ 3.) "[T]he language of section 3 erects a strong presumption of prospective operation" (*People v. Brown* (2012) 54 Cal.4th 314, 324; accord, *People v. Buycks* (2018) 5 Cal.5th 857, 880), but under the rule articulated in *Estrada*, "an amendatory statute lessening punishment for a crime [is] presumptively retroactive and applied to all persons whose judgments were not yet final at the time the statute took effect" (*Frahs, supra*, 9 Cal.5th at p. 624, citing *Estrada, supra*, 63 Cal.2d at p. 745). The *Estrada* rule has been extended "to legislation that mitigate[s] the possible punishment for a class of persons" (*Frahs, supra*, at p. 624, citing *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303), and in *Frahs*, the court applied the rule to legislation that "by design and function provides a possible ameliorating benefit for a class of persons" (*Frahs, supra*, at p. 624).

Defendant claims that he is entitled to benefit from section 1001.36 as originally enacted because it is ameliorative, but, because the subsequent amendment is not ameliorative, it presumptively operates only prospectively and cannot be applied in this case. Defendant does not cite any authority for this latter point other than section 3.

"'[D]eciding when a statute operates "retroactively" is not always a simple or mechanical task' [citation] and 'comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event' [citation]. In exercising this judgment, 'familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance.' [Citation.] [¶] In general, application of a law is retroactive only if it attaches new legal consequences to, or increases a party's liability for, an event, transaction, or conduct that was *completed* before the law's effective date." (*People v. Grant* (1999) 20 Cal.4th 150, 157, quoting *Landgraf v. USI Film Products* (1994) 511 U.S. 244, 268, 269–270; accord, *In re E.J.* (2010) 47 Cal.4th 1258, 1273 (*E.J.*).) "[I]t is the law's effect, not its form or label, which is important." (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 289 (*Tapia*).)

Defendant committed his crimes in 2011. Section 1001.36 concerning mental health diversion was not conceived of and enacted until after defendant was convicted and sentenced. Defendant is entitled to request diversion postcrime, conviction, and sentencing because section 1001.36 provides an ameliorative benefit within the meaning of *Estrada* and his case is not yet final. However, application of the *Estrada* presumption to section 1001.36 does not necessarily simultaneously entitle defendant to avoid application of the amended—and narrower—version of the statute in effect at the time of his request for diversion.

The pertinent question in these circumstances is whether the amendment "'change[s] the legal consequences of an act completed before [the law's] effective date,' namely the defendant's criminal behavior" or "violate[s] the constitutional rule against ex post facto legislation." (*Tapia, supra*, 53 Cal.3d at p. 288, quoting *Weaver v. Graham* (1981) 450 U.S. 24, 31.) In *McShane*, the Court of Appeal explained, "'[W]hether a new law is being applied retrospectively is closely intertwined with the question whether it is an unconstitutional ex post facto law, because a finding that the law is being applied

8.

retrospectively is a threshold requirement for finding it impermissibly ex post facto.'" (*People v. McShane* (2019) 36 Cal.App.5th 245, 260 (*McShane*), quoting *E.J., supra*, 47 Cal.4th at p. 1276.) "'The purpose of the ex post facto doctrine is to ensure fair notice of the conduct that constitutes a crime and of the punishment that may be imposed for a crime.'" (*McShane, supra*, at p. 260, quoting *In re Vicks* (2013) 56 Cal.4th 274, 287 (*Vicks*).) "Therefore, it is 'aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." [Citations.]'" (*Vicks, supra*, at p. 287.)[6]

"[A]n ex post facto violation does not occur simply because a criminal defendant loses '"substantial protections"' [citation], or suffers some '"disadvantage"' after the crime occurs" (*People v. Ansell* (2001) 25 Cal.4th 868, 884, citing *Collins v. Youngblood* (1990) 497 U.S. 37, 47, 48, 49, 50, 51; accord, *Tapia, supra*, 53 Cal.3d at p. 294). Rather, "'"any statute [1] which punishes as a crime an act previously committed, which was innocent when done; [2] which makes more burdensome the punishment for a crime, after its commission, or [3] which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*."'" (*Tapia, supra*, at p. 294, fn. omitted, quoting *Collins, supra*, at p. 42.) The amendment to section 1001.36 "neither makes criminal an act innocent when committed nor increases the punishment for that act" (*People v. White* (2017) 2 Cal.5th 349, 360), and the two published opinions considering this issue in the context of the amendment to section 1001.36 reached this same conclusion (*McShane, supra*, 36 Cal.App.5th at p. 260; *Cawkwell, supra*, 34 Cal.App.5th at p. 1054).

Based on the foregoing, we reject defendant's argument that application section 1001.36 as amended is retrospective in this case and would violate constitutional ex post facto principles. The record in this case unquestionably reflects that defendant

---

[6] The ex post facto clauses of the federal and California Constitutions "provide[] the same protections and [are] analyzed in the same manner ...." (*Vicks, supra*, 56 Cal.4th at p. 287.)

has serious, documented mental health concerns, and the trial court expressly recognized that and was sympathetic. However, the court correctly concluded the operative version of section 1001.36 applies to defendant's request for diversion, and he is categorically ineligible for relief given his 2017 convictions for committing a lewd or lascivious act on a child under the age of 14. (§ 1001.36, subd. (b)(2)(D).) Accordingly, we affirm the trial court's ruling, which results in reinstatement of defendant's conviction.

## II.  Senate Bill 567

Defendant was 20 years old when he committed the crimes in this case. The trial court sentenced him to the middle term on counts 1 and 2, to run concurrently. Effective January 1, 2022, Senate Bill 567 amended section 1170. In relevant part, section 1170 provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6)(B).) Additionally, subdivision (b)(7) of section 1170 provides, "Paragraph (6) does not preclude the court from imposing the lower term even if there is no evidence of those circumstances listed in paragraph (6) present."

The parties agree that Senate Bill 567 applies retroactively pursuant to *Estrada* and that remand for resentencing is appropriate. We concur and shall remand the matter to the trial court for resentencing under section 1170 as amended. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039; accord, *People v. Banner* (2022) 77 Cal.App.5th 226, 240 [Sen. Bill 567 applies in nonfinal cases].)

## DISPOSITION

The trial court's order finding defendant ineligible for mental health diversion under section 1001.36, subdivision (b)(2)(D), is affirmed, and defendant's conviction is reinstated.  Pursuant to Senate Bill 567, this matter is remanded for resentencing under section 1170 as amended.