[No. B092269. Second Dist., Div. Two. July 31, 1996.]

FELICIA DOYLE, Plaintiff and Appellant, v.
ISADORE FENSTER et al., Defendants and Respondents.

## COUNSEL

Houlé & Sedin and Richard Houlé for Plaintiff and Appellant.

Rotenberg & Rotenberg, Robert N. Pafundi and Frederick R. Rotenberg for Defendants and Respondents.

## OPINION

**NOTT, J.**—Code of Civil Procedure section 340.1[1] requires the filing of certificates of merit for actions alleging childhood sexual abuse where the plaintiff is 26 years old or more. The statute does not specify when the certificates must be filed.

In this case, following a sustained demurrer, appellant Felicia Doyle's action for sexual abuse she allegedly suffered as a child was dismissed for failure to file certificates of merit within the statutory limitations period. She contends that it was error to grant the demurrer because the complaint itself was filed within the limitations period. We conclude that the statute requires the filing of the certificates of merit before the running of the statute of limitations, and we therefore affirm the judgment of dismissal.

### BACKGROUND

Section 340.1, subdivision (a) provides that an action for damages suffered as a result of childhood sexual abuse must be brought "within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later." (See *Debbie Reynolds Prof. Rehearsal Studios* v. *Superior Court* (1994) 25 Cal.App.4th 222, 230 [30 Cal.Rptr.2d 514] [filing deadline extended to plaintiff's 26th birthday or to within 3 years of date on which plaintiff knows or should know the injury resulted from the abuse].)

Appellant's complaint was filed on March 15, 1994, when she was 28 years old. It alleges that she discovered in June 1991 that she had psychological injury resulting from sexual abuse that occurred from 1971 to 1974, when appellant was between the ages of five and eight. It is not disputed that appellant's complaint was filed within the statutory limitations period.

There are additional filing requirements under section 340.1 where, as here, the plaintiff is 26 years old or more. (§ 340.1, subd. (d).) Pursuant to subdivision (e)(1), a certificate of merit must be executed by the plaintiff's attorney, stating that he or she reviewed the facts; consulted with at least one licensed mental health practitioner, who is not a party to the action; and,

---

[1]All further statutory references are to the Code of Civil Procedure.

based on the review and consultation, concluded that the action has reasonable and meritorious cause. A mental health practitioner must also file a certificate of merit, stating, among other things, that the practitioner has interviewed the plaintiff and knows the relevant facts and issues; and that in the practitioner's opinion, there is a reasonable basis to believe that the plaintiff had been abused as a child. (§ 340.1, subd. (e)(2).)[2] Section 340.1, subdivision (e)(3) states that if the attorney is unable to obtain the consultation of a mental health practitioner in time to comply with the statute of limitations, the attorney should file a certificate so stating, and further stating that the certificates required by paragraphs (1) and (2) could not be obtained before the running of the statute. In such case, the certificates required under paragraphs (1) and (2) must be filed within 60 days after the filing of the complaint.[3]

Moreover, a complaint filed pursuant to section 340.1, subdivision (d) may not name the defendant until the certificates of merit are reviewed and the trial court has found that there is reasonable and meritorious cause for the filing of the action. (§ 340.1, former subd. (g).)[4]

---

[2]Subsequent to the filing of the complaint in this case, section 340.1, subdivision (e)(2) was amended to require the mental health practitioner to declare that he or she "is not treating and has not treated the plaintiff."

[3]The language of the statute referred to above is as follows:

"(e) Certificates of merit shall be executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff declaring, respectively, as follows, setting forth the facts which support the declaration:

"(1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one mental health practitioner who is licensed to practice and practices in this state and who the attorney reasonably believes is knowledgeable of the relevant facts and issues involved in the particular action, and that the attorney has concluded on the basis of that review and consultation that there is reasonable and meritorious cause for the filing of the action. The person consulted may not be a party to the litigation.

"(2) That the mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of his or her knowledge of the facts and issues, that in his or her professional opinion there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse.

"(3) That the attorney was unable to obtain the consultation required by paragraph (1) because a statute of limitations would impair the action and that the certificates required by paragraphs (1) and (2) could not be obtained before the impairment of the action. If a certificate is executed pursuant to this paragraph, the certificates required by paragraphs (1) and (2) shall be filed within 60 days after filing the complaint." (§ 340.1, former subd. (e).) The only portion of subdivision (e) that was amended in 1994 is paragraph (2), as noted in footnote 2.

[4]Before it was amended in 1994, section 340.1, subdivision (g) stated: "A complaint filed pursuant to subdivision (d) may not name the defendant or defendants until the court has reviewed the certificates of merit filed pursuant to subdivision (e) and has found, in camera,

In this case, the certificates of merit were not filed with the complaint, nor were they filed before June 1994, when the three-year statutory period ended in this case. The certificates by counsel for appellant and by her therapist were filed on August 24, 1994, after new counsel had substituted into the case. The certificates were made part of appellant's application to name respondents, which was granted.

After the complaint was served on respondents, they filed a demurrer pursuant to section 340.1, subdivision (i), which states: "The failure to file certificates in accordance with this section shall be grounds for a demurrer pursuant to Section 430.10 or a motion to strike pursuant to Section 435." Respondents argued that the certificates of merit are required to be filed prior to or at the filing of the complaint, unless the attorney files a certificate under section 340.1, subdivision (e)(3), explaining why the certificates could not be obtained before the running of the statute of limitations. The trial court agreed and sustained the demurrer.

DISCUSSION

*Section 340.1 Requires the Filing of the Certificates of Merit Within the Statutory Period*

█ In determining the meaning of a statute, we must ascertain the intent of the Legislature to effectuate the purpose of the law. In determining such intent, a court looks first to the words of the statute, giving the language its usual, ordinary import. The words must be construed in context, keeping in mind the statutory purpose, and statutory sections relating to the same subject must be harmonized, both internally and with each other to the extent possible. (*Central Pathology Service Medical Clinic, Inc.* v. *Superior Court* (1992) 3 Cal.4th 181, 186-187 [10 Cal.Rptr.2d 208, 832 P.2d 924]; *Lambert Steel Co.* v. *Heller Financial, Inc.* (1993) 16 Cal.App.4th 1034, 1040 [20 Cal.Rptr.2d 453].) Construction of a statute making some words surplusage is to be avoided. (*Lambert Steel Co.* v. *Heller Financial, Inc., supra,*

---

based solely on those certificates of merit, that there is reasonable and meritorious cause for the filing of the action. At that time, the complaint may be amended to name the defendant or defendants. The duty to give notice to the defendant or defendants shall not attach until that time."

The amended subdivision provides: "A complaint subject to subdivision (d) may not be served upon the defendant or defendants until the court has reviewed the certificates of merit filed pursuant to subdivision (e) and has found, in camera, based solely on those certificates of merit, that there is reasonable and meritorious cause for the filing of the action. At that time, the complaint may be served upon the defendant or defendants. The duty to serve the defendant or defendants with process shall not attach until that time."

at p. 1040.) Moreover, where the language of a statutory provision is susceptible of two constructions, courts should apply the one which will render it reasonable, fair and harmonious with its manifest purpose. (*Western Oil & Gas Assn.* v. *Monterey Bay Unified Air Pollution Control Dist.* (1989) 49 Cal.3d 408, 425 [261 Cal.Rptr. 384, 777 P.2d 157].)

On appeal, appellant contends that the trial court erred in granting the demurrer because the defect in filing the certificates was not jurisdictional. While no subdivision of section 340.1 states when the certificates must be filed, subdivision (e)(3) refers to the statute of limitations in the context of the filing of the certificates. Under subdivision (e)(3), if the plaintiff's attorney is unable to consult with a mental health practitioner and obtain the practitioner's certificate of merit before the running of the statute of limitations, the attorney must file a certificate explaining that, and the attorney is then given 60 days after the filing of the complaint to file certificates of merit required by subdivision (e)(1) and (e)(2).

Reading section 340.1 to permit the filing of certificates of merit after the running of the statute of limitations would make subdivision (e)(3) surplusage. There would be no reason for subdivision (e)(3), which advises the attorney to file the complaint to preserve the statute of limitations and a certificate explaining why the certificates of merit are not being filed, and requires that the certificates of merit be filed within 60 days. Subdivision (e)(3) has meaning only if the Legislature intended that the certificates of merit under subdivision (e)(1) and (e)(2) be filed within the statute of limitations. If we were to accept appellant's argument that the certificates of merit can be filed at any time as long as the complaint is timely filed, attorneys who file subdivision (e)(3) certificates would have to file the certificates of merit within 60 days, but those who filed only the complaint could go beyond the 60 days, as did counsel herein. That reading of the statute would benefit those who did not comply with subdivision (e)(3), while those who complied would be disadvantaged, a result that the Legislature could not have intended.

To support her position, appellant cites to section 340.1, subdivision (h), which states: "A violation of this section may constitute unprofessional conduct and may be the grounds for discipline against the attorney." She contends that the Legislature did not include dismissal among the repercussions of failing to timely file the certificate.

Appellant's argument fails to consider section 340.1, subdivision (i), which, unlike subdivision (h), explicitly refers to the filing of the certificates

and permits the defendant to bring a demurrer (§ 430.10) or a motion to strike (§ 435) on the ground that the plaintiff failed to file certificates in accordance with this section. ■ A statute of limitations defense may be raised by demurrer (see *Saliter* v. *Pierce Brothers Mortuaries* (1978) 81 Cal.App.3d 292, 300 [146 Cal.Rptr. 271]) or by motion to strike (see *PH II, Inc.* v. *Superior Court* (1995) 33 Cal.App.4th 1680, 1683 [40 Cal.Rptr.2d 169]), both of which test the legal sufficiency of the complaint. (*Schmidt* v. *Foundation Health* (1995) 35 Cal.App.4th 1702, 1706 [42 Cal.Rptr.2d 172], review den.; *PH II, Inc.* v. *Superior Court, supra,* at p. 1683.) ■ The fact that the Legislature designated the demurrer and motion to strike as means to challenge plaintiff's failure to file certificates as required by section 340.1 indicates that the Legislature views the certificates as an aspect of the complaint, and further supports our interpretation of the statute.

Appellant argues that dismissal of the action for late filing of the certificates of merit is impermissible because it is not explicitly provided for by section 340.1. Appellant contends that the Legislature has provided for dismissals "in plain language" in other statutes, citing former section 411.30, which allowed dismissal of a medical malpractice action filed without a certificate of merit.

A provision of a statute repealed in 1989 is not a persuasive tool for interpreting section 340.1, which was substantially rewritten in 1990. (See Historical and Statutory Notes, 13A West's Ann. Code Civ. Proc., § 340.1 (1996 pocket supp.) pp. 63-64.) In any event, even though dismissal is not mentioned in section 340.1, dismissal is impliedly permitted by defendant's remedy for the failure to file or the improper filing of the certificates, i.e., bringing a demurrer or a motion to strike. (See *Guinn* v. *Dotson* (1994) 23 Cal.App.4th 262, 271 [28 Cal.Rptr.2d 409] [Affirming a dismissal following a sustained demurrer permitted by § 411.35, which requires a certificate of merit in malpractice actions against architects, engineers or surveyors and permits the defendant to bring demurrer or motion to strike for "failure to file a certificate in accordance with this section." (§ 411.35, subd. (g).)].)

We hold that section 340.1, subdivision (e)(1) and (e)(2) certificates of merit, required by subdivision (d), must be filed within the statute of limitations as found in subdivision (b). The trial court properly sustained respondents' demurrer without leave to amend and dismissed the action.

## DISPOSITION

The judgment is affirmed.

Boren, P. J., and Zebrowski, J., concurred.