Filed 10/17/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| S.C.,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>DOE 1,<br><br>    Defendant and Respondent. | F088296<br><br>(Super. Ct. No. VCU293358)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  David C. Mathias, Judge.

Herman Law, Mia A. Kelly, Justin R. Felton, Sarah Serrano, and Virginia Martucci for Plaintiff and Appellant.

Jennifer M. Flores, County Counsel, Amy I. Terrible, Chief Deputy County Counsel, and Andrew K. Haller, Deputy County Counsel, for Defendant and Respondent.

-ooOoo-

This is an appeal from an April 29, 2024 judgment of the Tulare County Superior Court granting summary judgment in favor of defendant and respondent Doe 1.

In September 2022, plaintiff and appellant S.C. timely filed a civil action against Doe 1 pursuant to Code of Civil Procedure[1] former section 340.1. In the complaint, she alleged she was sexually assaulted "[i]n approximately 1981" while she was "in foster care under [Doe 1's] custody, care, and control." Pursuant to section 340.1, former subdivision (f), S.C. timely filed certificates of merit, which were approved by the superior court following an in camera review.

In June 2023, S.C. requested and received her juvenile case records, which showed she was not taken into protective custody by Doe 1 until March 19, 1984. On December 13, 2023, S.C. filed a motion for leave to amend the complaint to allege she was sexually assaulted "[i]n approximately 1984 to 1986" while she was "in foster care under [Doe 1's] custody, care, and control." The superior court denied the motion. S.C. renewed the motion thereafter, but to no avail.

Meanwhile, on February 1, 2024, Doe 1 moved for summary judgment on the grounds S.C. "was not a dependent of Doe 1 at the time she contends she suffered sexual abuse" (some capitalization omitted) "in or near 1981." Following an April 29, 2024 hearing on the matter, the court granted Doe 1's motion.

On appeal, S.C. makes two contentions. First, the superior court should have granted her motion for leave to amend the complaint. Second, the court erroneously granted summary judgment. For the reasons set forth below, we agree with S.C. and reverse both the summary judgment and the orders denying S.C.'s motion.

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Code of Civil Procedure.

## BACKGROUND

On September 14, 2022, S.C. initiated an action under former section 340.1, alleging the negligent acts and/or omissions of Doe 1 and/or Doe 1's employee proximately caused childhood sexual assault that resulted in her injuries. The complaint specified S.C. "was in foster care under [Doe 1's] custody, care, and control"; "[i]n approximately 1981 when [S.C.] was approximately thirteen (13) years old, [she] was sexually abused and assaulted by . . . her Foster Father, in whose home she was placed by [Doe 1]"; and "[d]uring the ongoing course of the aforementioned sexual abuse and assault by perpetrator, [S.C.] disclosed the same to a social worker," but "no action was taken, no investigation was completed, and perpetrator continued to sexually abuse and assault [her]" (some capitalization omitted).

On November 9, 2022, S.C. filed an "Ex Parte Application" (italics & some capitalization omitted) asking the superior court to (1) "review and approve the Certificates of Merit executed by [S.C.]'s counsel and a mental health practitioner of [S.C.]'s choosing" and "permit service on [Doe 1] in this action"; (2) "seal the Certificates of Merit in support of [S.C.]'s Complaint"; (3) "review the Certificate of Corroborative Fact executed by [S.C.]'s counsel" and "permit [S.C.] to file an Amended Complaint, substituting [Doe 1's] name[] in place of the[] fictitious (Doe) designation"; and (4) "permit[] [S.C.] to proceed under a fictitious name in this action, to protect from disclosure of [S.C.]'s identity to the public at large." Attached to the application were (1) the "Certificate of Merit" executed by S.C.'s counsel; (2) the "Certificate of Merit" executed by a mental health practitioner; and (3) the "Certificate of Corroborative Fact" (some capitalization omitted) executed by S.C.'s counsel.[2]

---

[2] In her opening brief, S.C. maintains these certificates were originally filed "with her Complaint on September 14, 2022." Doe 1 does not contest this point.

3.

A hearing was held January 5, 2023. The superior court "reviewed in camera" the "certificate[] of merit as to Doe 1 executed by [S.C.]'s counsel" and "the certificate of merit executed by a licensed mental health practitioner." It concluded (1) "there is reasonable and meritorious cause for the filing of the action against Doe 1" and (2) S.C. "shall serve Doe 1 with process." The court ordered these certificates sealed pursuant to rule 2.585 of the California Rules of Court.[3] Because S.C. "has not yet served . . . Doe 1 with process," the court denied her request to "proceed in this case under a fictitious name" "without prejudice to [S.C.] refiling the motion after [she] has served defendant with process." Finally, the court "reviewed in camera the certificate of corroborative fact," which was "similar to the complaint." It concluded "the facts stated in the certificate of corroborative fact appear sourced from [S.C.]" and "would not actually confirm or support the allegations of the complaint." The court denied "[S.C.]'s application for an order permitting [S.C.] to file an amended complaint to substitute the name[] of Doe 1 without prejudice."

On June 9, 2023, in accordance with Welfare and Institutions Code section 827, S.C. filed a JV-570 "Petition for Access to Juvenile Case File." On June 15, 2023, Doe 1 received the records and provided them to S.C.'s counsel. The records established S.C. "was actually in foster care from 1984 to 1986, and not in 1981, as alleged in the Complaint." Specifically, they showed she "was taken into protective custody [by Doe 1] on March 19, 1984."

On December 13, 2023, S.C. filed a "Motion for Leave to File First Amended Complaint" (boldface & some capitalization omitted) pursuant to section 473, subdivision (a)(1). She asserted:

> "[D]uring [S.C.]'s investigation upon receipt of her foster care records it was discovered:

---

[3] The record contains only the redacted certificates of merit.

4.

> "1. [S.C.] was a dependent of [Doe 1] from 1984 to 1986.
>
> "2. [S.C.] was placed by [Doe 1] in a foster care home . . . in 1984.
>
> "Accordingly, [S.C.] seeks leave to amend the complaint to include the dates of 1984 to 1986 which clarifies the relevant time period for all parties as they investigate and work through discovery in preparing for trial in this case."

At a January 18, 2024 hearing, the superior court denied the motion. It reasoned:

> "[T]he Court's [prior] review of the deficient statement of corroborative fact that the abuse occurred in 1981 does not align with the 'new' facts that the abuse occurred 'from 1984 to 1986.' In other words, the Court's [January 5, 2023] ruling determined the statement of corroborative fact did not support allegations of abuse in 1981 and cannot support allegations from 1984 through 1986.
>
> "Therefore, the Court denies, without prejudice, the motion to amend the complaint. The Court will entertain such a motion after it has resolved, if possible, the declaration of corroborative fact issue under [section] 340.1[, former subdivision ](l)."[4]

On February 1, 2024, Doe 1 moved for summary judgment on the grounds S.C. "was not a dependent of Doe 1 at the time she contends she suffered sexual abuse" (some capitalization omitted) "in or near 1981." A hearing on this motion was set for April 25, 2024.

On April 8, 2024, S.C. filed an "Ex Parte Application" (italics & some capitalization omitted) asking the superior court to either (1) "shorten[] t[i]me to hear [her] motion for leave to file a First Amended Complaint"; or (2) "continue the [April 25, 2024] hearing on [Doe 1]'s Motion for Summary Judgment."[5] S.C. reiterated a "review

---

[4] S.C. also filed applications for permission to amend the complaint to substitute Doe 1's actual name for the fictitious Doe designation. The superior court denied these applications.

[5] In the application, S.C. stated she "contacted the civil division in order to set [her] Motion for Leave to File an Amended Complaint but was informed the soonest law and motion date was '30 days out' or in May of 2024."

of her foster care records" established she "was actually in foster care from 1984 to 1986 and not in 1981, as alleged in the Complaint" and she sought "to amend her Complaint to reflect the correct dates."

At an April 25, 2024 hearing, the superior court considered S.C.'s "Motion for Leave to Amend Complaint" and reserved its ruling on Doe 1's summary judgment motion. The court denied S.C.'s motion. It reasoned:

> "On June 15, 2023, Doe 1 provided [S.C.]'s entire Juvenile Court file to [S.C.]'s counsel. It appears undisputed that those records reveal at the time of the alleged abuse in 1981, [S.C.] was a dependent in the [S]tate of Oregon[6] and that [S.C.] did not move to California until 1984. [¶] . . . [¶]

> "The initial certificates of merit, filed November 9, 2022 indicate [S.C.]'s Counsel's investigation of this matter led to the statement that [S.C.] was sexually abused in 1981.

> "Certificates of merit . . . are required to be filed at the time the action is filed. [Citation.] These certificates of merit are ' "an aspect of the complaint" ' [citations]. [¶] . . . [¶]

> "The Court considers the certificates of merit to be a procedural safeguard against unmeritorious cases. 'The rights of defendants to be free from frivolous lawsuits are protected by the very fact that certificates of merit are required . . .' [Citation.] The [L]egislature's insertion of the requirement of certificates of merit remove[s] cases filed under [former] section 340.1 from the typical civil cases for which amendments are liberally permitted based on facts discovered after the initiation of the case. [¶] . . . [¶]

> "Before a plaintiff serves his complaint on a defendant, the Court must first review the certificates of merit in camera to determine 'based solely on those certificates of merit, that there is reasonable and meritorious cause for the filing of the action against that defendant.' [Citation.] The Court made that determination based on the information in front of it.

---

[6] The record contains S.C.'s responses dated June 20, 2023, to special interrogatories propounded by Doe 1. "Special Interrogatory No. 4" (boldface, underscoring & some capitalization omitted) asked S.C. to "IDENTIFY by name and address all schools YOU attended from preschool through high school." S.C. responded with the names of various schools she attended in Oregon from first to eighth grades.

"However, now, the information in the certificate of merit on file is incorrect. Permitting a factual amendment to the complaint that is not supported by the certificate of merit on file would render the Court's decision that there is a reasonable and meritorious case moot.

"If the Court were to permit a factual amendment to the complaint under . . . section 473[, subdivision ](a), the Court would also need to permit an amendment of the certificates of merit, so that each properly supported the other. Given the certificate of merit is an aspect of the complaint, it stands to reason that one cannot be amended without the other also being amended.

". . . If the Court were to permit a case to go forward on any information within the certificate of merit, to be amended later with the corrected information, it would provide an unlimited time period to do so once the complaint and (incorrect) certificate of merit were filed.

"[Former s]ection 340.1 does not contemplate an amendment to either the complaint or the certificate of merit.

"By contrast, [section 340.1, former subdivision] (l) as to amending the complaint to name the Doe Defendant requires a plaintiff to apply to the court via a 'certificate of corroborative fact' and that this application to the court may be made '[a]t any time after the action is filed.' [Citation.] The certificate of corroborative fact, however, is not an aspect of the complaint. Rather, it appears to be a mechanism to determine if the Doe Defendant should be named as a party, based on a limited showing of corroborative facts. Therefore, [section 340.1, former subdivision] (l) would not appear to create a hurdle to a factual amendment of the complaint.[7]

"However, the Court takes the position on this motion that [S.C.]'s after-filing discovery of facts . . . necessitate . . . a factual amendment to the complaint, an amended certificate of merit and an amended statement of corroborative fact.

"While amendments as to the naming of Doe Defendants are permitted under [section] 340.1[, former subdivision ](l), no such procedure to amend is expressly provided for as to the certificate of merit or the complaint itself. The plain language of the statute reveals no mechanism to amend the certificates of merit or the complaint itself.

---

[7] Given these statements, the superior court essentially repudiated its earlier rationale. (See *ante*, at p. 5.)

"The Court observes that the operative complaint alleges the abuse took place in 'approximately 1981.' The underlying allegations of the operative complaint are that abuse occurred while [S.C.] was in foster care . . . . After the case was filed and the juvenile file obtained, it became apparent that [S.C.] was placed into foster care . . . only in the period of 1984 through 1986.

"The Court does not find a basis in the law permitting factual amendments to the complaint or certificate of merit under [former] section 340.1. The Court views actions under [former section] 340.1 to be outside the typical rules applicable to amendment of complaints after discovery of facts in the lawsuit because of the certificate of merit requirement."

At an April 29, 2024 hearing, the superior court considered and granted Doe 1's summary judgment motion. It explained:

"[Doe 1]'s summary judgment motion is based primarily on the undisputed material fact that [S.C.] was not in foster care . . . in 1981 and the operative complaint's allegation that abuse occurred in approximately 1981. [Citation.]

"The Court, having denied [S.C.]'s motion for leave to amend, evaluates the motion based upon the operative complaint alleging abuse occurred in 1981. . . . [¶] . . . [¶]

"[Doe 1] has met its initial burden through undisputed material facts that [S.C.] was outside [Doe 1's custody] in 1981. As a matter of law, the Court finds that [Doe 1] could not have owed a duty to [S.C.], breached any duty to [S.C.] or proximately caused [S.C.]'s alleged injuries in 1981 because the undisputed material facts demonstrate [S.C.] was not within [Doe 1's custody] at the time of the alleged abuse. [Citation.]

"[S.C.], having had the motion to amend the complaint denied, has failed to set forth specific, admissible facts that demonstrate a triable issue of fact as to [her] presence . . . in 1981."

## DISCUSSION

### I.      S.C.'s motion for leave to amend the complaint

a. *Section 473, subdivision (a)(1)*

Under section 473, subdivision (a)(1), a court "may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading . . . by correcting a

mistake in the name of a party, or a mistake in any other respect . . . ." This provision "has received a very liberal interpretation by the courts of this state." (*Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 19; see, e.g., *Ward v. Clay* (1890) 82 Cal. 502, 509.) "That trial courts are to liberally permit such amendments, at *any* stage of the proceeding, has been established policy in this state since 1901." (*Hirsa v. Superior Court* (1981) 118 Cal.App.3d 486, 488–489, citing *Frost v. Witter* (1901) 132 Cal. 421, 424; see *Tung v. Chicago Title Co.* (2021) 63 Cal.App.5th 734, 747 ["[T]his liberal policy applies to amendments ' "at any stage of the proceedings, up to and including trial," ' absent prejudice to the adverse party."].) Underlying this "general rule of liberal construction of pleadings" (*Nestle v. Santa Monica* (1972) 6 Cal.3d 920, 939) "and of liberal allowance of amendments" (*ibid.*) is "the fundamental policy that 'cases should be decided on their merits' " (*Hirsa v. Superior Court*, *supra*, at p. 489). "Indeed, 'it is a rare case in which "a court will be justified in refusing a party leave to amend his pleading so that he may properly present his case." ' [Citation.]" (*Douglas v. Superior Court* (1989) 215 Cal.App.3d 155, 158.) "[A]bsent a showing of prejudice to the adverse party, the rule of great liberality in allowing amendment of pleadings will prevail." (*Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1163.)

   b. *Standard of review*

   " 'Leave to amend a complaint is . . . entrusted to the sound discretion of the trial court. ". . . The exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse. . . ." ' [Citations.]" (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242.) "[W]here the resolution of an issue involves the interpretation of a statute, our review is independent of the trial court." (*Board of Trustees v. Superior Court*, *supra*, 149 Cal.App.4th at p. 1163.)

c. *Former section 340.1's requirement for certificates of merit does not prohibit motions for leave to amend pursuant to section 473, subdivision (a)(1)*

In denying S.C.'s motion, the superior court concluded section 473, subdivision (a)(1) does not apply to actions under former section 340.1 "because of the certificate of merit requirement." Our review of the statute demonstrates this stance is untenable.

i. Statutory language

"In construing a statute, our task is to ascertain the intent of the Legislature so as to effectuate the purpose of the enactment." (*Cummins, Inc. v. Superior Court* (2005) 36 Cal.4th 478, 487.) "We look first to the words of the statute, which are the most reliable indications of the Legislature's intent" (*ibid.*), " 'giving them a plain and commonsense meaning' " (*California State University, Fresno Assn., Inc. v. County of Fresno* (2017) 9 Cal.App.5th 250, 266). " 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' [Citation.] 'When statutory language is clear and unambiguous there is no need for construction, and we will not indulge in it.' [Citations.] 'We will not speculate that the Legislature meant something other than what it said. Nor will we rewrite a statute to posit an unexpressed intent.' [Citations.]" (*Ibid.*)

At the time S.C. filed the complaint and the certificates of merit, former section 340.1 read, in part:

> "(a) In an action for recovery of damages suffered as a result of childhood sexual assault, the time for commencement of the action shall be within 22 years of the date the plaintiff attains the age of majority or within five years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual assault, whichever period expires later, for any of the following actions:

> "(1) An action against any person for committing an act of childhood sexual assault.

"(2) An action for liability against any person or entity who owed a duty of care to the plaintiff, if a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual assault that resulted in the injury to the plaintiff.

"(3) An action for liability against any person or entity if an intentional act by that person or entity was a legal cause of the childhood sexual assault that resulted in the injury to the plaintiff. [¶] . . . [¶]

"(f) Every plaintiff 40 years of age or older at the time the action is filed shall file certificates of merit as specified in subdivision (g).

"(g) Certificates of merit shall be executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff declaring, respectively, as follows, setting forth the facts which support the declaration:

"(1) That the attorney has reviewed the facts of the case, consulted with at least one mental health practitioner who the attorney reasonably believes is knowledgeable of the relevant facts and issues involved in the particular action, and concluded on the basis of that review and consultation that there is reasonable and meritorious cause for the filing of the action.

"(2) That the mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, that the practitioner is not treating and has not treated the plaintiff, and that the practitioner has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of the practitioner's knowledge of the facts and issues, that in the practitioner's professional opinion there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse.

"(3) That the attorney was unable to obtain the consultation required by paragraph (1) because a statute of limitations would impair the action and that the certificates required by paragraphs (1) and (2) could not be obtained before the impairment of the action. If a certificate is executed pursuant to this paragraph, the certificates required by paragraphs (1) and (2) shall be filed within 60 days after filing the complaint.

11.

"(h) If certificates are required pursuant to subdivision (f), the attorney for the plaintiff shall execute a separate certificate of merit for each defendant named in the complaint.

"(i) In any action subject to subdivision (f), a defendant shall not be served, and the duty to serve a defendant with process does not attach, until the court has reviewed the certificates of merit filed pursuant to subdivision (g) with respect to that defendant, and has found, in camera, based solely on those certificates of merit, that there is reasonable and meritorious cause for the filing of the action against that defendant. At that time, the duty to serve that defendant with process shall attach.

"(j) A violation of this section may constitute unprofessional conduct and may be the grounds for discipline against the attorney.

"(k) The failure to file certificates in accordance with this section shall be grounds for a demurrer pursuant to Section 430.10 or a motion to strike pursuant to Section 435.

"(l) In any action subject to subdivision (f), a defendant shall be named by 'Doe' designation in any pleadings or papers filed in the action until there has been a showing of corroborative fact as to the charging allegations against that defendant.

"(m) At any time after the action is filed, the plaintiff may apply to the court for permission to amend the complaint to substitute the name of the defendant or defendants for the fictitious designation, as follows:

"(1) The application shall be accompanied by a certificate of corroborative fact executed by the attorney for the plaintiff. The certificate shall declare that the attorney has discovered one or more facts corroborative of one or more of the charging allegations against a defendant or defendants, and shall set forth in clear and concise terms the nature and substance of the corroborative fact. If the corroborative fact is evidenced by the statement of a witness or the contents of a document, the certificate shall declare that the attorney has personal knowledge of the statement of the witness or of the contents of the document, and the identity and location of the witness or document shall be included in the certificate. For purposes of this section, a fact is corroborative of an allegation if it confirms or supports the allegation. The opinion of any mental health practitioner concerning the plaintiff shall not constitute a corroborative fact for purposes of this section.

"(2) If the application to name a defendant is made before that defendant's appearance in the action, neither the application nor the certificate of corroborative fact by the attorney shall be served on the defendant or defendants, nor on any other party or their counsel of record.

"(3) If the application to name a defendant is made after that defendant's appearance in the action, the application shall be served on all parties and proof of service provided to the court, but the certificate of corroborative fact by the attorney shall not be served on any party or their counsel of record.

"(n) The court shall review the application and the certificate of corroborative fact in camera and, based solely on the certificate and any reasonable inferences to be drawn from the certificate, shall, if one or more facts corroborative of one or more of the charging allegations against a defendant has been shown, order that the complaint may be amended to substitute the name of the defendant or defendants.

"(o) The court shall keep under seal and confidential from the public and all parties to the litigation, other than the plaintiff, any and all certificates of corroborative fact filed pursuant to subdivision (m).

"(p) Upon the favorable conclusion of the litigation with respect to any defendant for whom a certificate of merit was filed or for whom a certificate of merit should have been filed pursuant to this section, the court may, upon the motion of a party or upon the court's own motion, verify compliance with this section by requiring the attorney for the plaintiff who was required by subdivision (g) to execute the certificate to reveal the name, address, and telephone number of the person or persons consulted with pursuant to subdivision (g) that were relied upon by the attorney in preparation of the certificate of merit. The name, address, and telephone number shall be disclosed to the trial judge in camera and in the absence of the moving party. If the court finds there has been a failure to comply with this section, the court may order a party, a party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by the defendant for whom a certificate of merit should have been filed.

"(q) Notwithstanding any other provision of law, any claim for damages described in paragraphs (1) through (3), inclusive, of subdivision (a) that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable statute of limitations, claim presentation deadline, or any other time limit had expired, is revived, and

13.

these claims may be commenced within three years of January 1, 2020.[8]  A plaintiff shall have the later of the three-year time period under this subdivision or the time period under subdivision (a) as amended by the act that added this subdivision." (Stats. 2019, ch. 861, § 1.)[9]

---

**8**  Under this subdivision, the three-year revival period was to set to lapse December 31, 2022.  (*Roe v. Doe 1* (2023) 98 Cal.App.5th 965, 971.)  In 2020, however, the Judicial Council adopted emergency rules following the Governor's declaration of a state of emergency related to the COVID-19 pandemic.  (*Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 401.)  One such rule was Emergency rule 9.  "As originally adopted on April 6, 2020, Emergency rule 9 tolled all statutes of limitation for civil causes of action until 90 days after the Governor declared that the state of emergency related to the COVID-19 pandemic is lifted." (*Committee for Sound Water & Land Development v. City of Seaside, supra*, at p. 401.) "Thereafter, the Judicial Council amended Emergency rule 9 by adopting, among other things, rule 9(b), effective May 29, 2020, as follows:  'Tolling statutes of limitations for civil causes of action  [¶] . . . [¶]  (b) Tolling statutes of limitations of 180 days or less  [¶] Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020.' [Citation.]"  (*Id.* at pp. 401–402.)  Because "section 340.1, [former] subdivision (q), is part of a statute of limitations" (*Roe v. Doe 1*, *supra*, at p. 973), the amended Emergency rule 9 "tolled section 340.1, [former] subdivision (q)'s three-year lookback window for 178 days" (*Roe v. Doe 1*, *supra*, at p. 973), meaning claims under former section 340.1 "did not expire until June 27, 2023" (*Roe v. Doe 1*, *supra*, at p. 973).

**9** In 2022, the Legislature enacted Assembly Bill No. 2959 (2021–2022 Reg. Sess.) (Stats. 2022, ch. 444, § 1), which took effect on January 1, 2023, and retained the preceding statutory language nearly verbatim.

In 2023, the Legislature enacted Assembly Bill No. 452 (2023–2024 Reg. Sess.) (Assembly Bill No. 452) (Stats. 2023, ch. 655, § 1) and Senate Bill No. 558 (2023–2024 Reg. Sess.) (Senate Bill No. 558) (Stats. 2023, ch. 877, § 1), each of which took effect on January 1, 2024.

Assembly Bill No. 452 amended section 340.1, which no longer imposes "time limits for the commencement of actions for the recovery of damages suffered as a result of childhood sexual assault . . . ."  (Legis. Counsel's Dig., Assem. Bill No. 452 (2023–2024 Reg. Sess.) Stats. 2023, ch. 655.)  The current version of section 340.1 only applies to claims "in which the childhood sexual assault occurred on and after January 1, 2024." (§ 340.1, subd. (p).)

Senate Bill No. 558 added section 340.11, which "applies only to those instances of childhood sexual assault that occur before January 1, 2024."  (Legis. Counsel's Dig., Sen. Bill No. 558 (2023–2024 Reg. Sess.).  Section 340.11 is more or less identical to the

The foregoing provisions do not explicitly state a complaint filed in an action under former section 340.1 cannot be amended pursuant to section 473, subdivision (a)(1). We point out the Legislature is presumed to be aware of all laws in existence when it passes or amends a statute. (*Voters for Responsible Retirement v. Board of Supervisors* (1994) 8 Cal.4th 765, 779, fn. 3.) Given the original section 340.1 was enacted in 1986 (Stats. 1986, ch. 914, § 1) and the certificates-of-merit requirement was added in 1990 (Stats. 1990, ch. 1578, § 1), the Legislature was presumably aware of section 473 and the judiciary's long-standing liberal interpretation thereof (see *ante*, at pp. 8–9) at these junctures. If the Legislature had intended for former section 340.1 to be exempt from the rule of great liberality, "it could have [and should have] so specified." (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 290; see *Yeager v. Blue Cross of California* (2009) 175 Cal.App.4th 1098, 1103 ["We may not make a silent statute speak by inserting language the Legislature did not put in the legislation."].) Former section 340.1's silence with regard to section 473 is thus more indicative of the Legislature's intent to follow this rule, not deviate from it.[10]

On appeal, Doe 1 contends former section 340.1 "permits *only one* type of amendment, which is found in [former] subdivision (l) . . . ." As noted, in an action subject to former section 340.1's certificates-of-merit requirement, "a defendant shall be named by 'Doe' designation in any pleadings or papers filed in the action until there has

---

pre-January 1, 2024 version of section 340.1, incorporating language that was deleted by Assembly Bill No. 452. (See, e.g., § 340.11, subds. (a), (f)–(o), (q).)

[10] For this reason, we reject any suggestion by the superior court that the Legislature intended to exempt actions under former section 340.1 from section 473, subdivision (a)(1) because "[t]he plain language" of former section 340.1 "reveal[ed] no mechanism to amend" the factual allegations in a complaint. (See *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199 ["We do not presume that the Legislature intends, when it enacts a statute, to overthrow long-established principles of law unless such intention is clearly expressed or necessarily implied."].)

been a showing of corroborative fact as to the charging allegations against that defendant." (§ 340.1, former subd. (l); cf. § 474 [designation by fictitious name "[w]hen the plaintiff is ignorant of the name of a defendant"].) "At any time after the action is filed, the plaintiff may apply to the court for permission to amend the complaint to substitute the name of the defendant or defendants for the fictitious designation . . . ." (§ 340.1, former subd. (m).) These provisions are devoid of any "exclusivity language" (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 107) establishing substitution of a defendant's actual name in place of the "Doe" designation as the only allowable amendment. (Cf. § 366.2, subd. (b) [limitations period for commencement of action against decedent's estate "shall not be tolled or extended for any reason except as provided"].) Nor will we insert language to that effect. (See *Yeager v. Blue Cross of California*, *supra*, 175 Cal.App.4th at p. 1103.)

### ii. Policy considerations

"In interpreting a statute, courts are obligated to 'adopt a common sense construction over one leading to mischief or absurdity.' [Citation.]" (*In re Greg F.* (2012) 55 Cal.4th 393, 410.) Here, the superior court premised its refusal to allow S.C. to amend the factual allegations of the complaint pursuant to section 473, subdivision (a)(1) on the certificates-of-merit requirement's function as "a procedural safeguard against unmeritorious cases." The court's handling of this requirement not only lacks support in the statutory text but also produces "absurd and unreasonable consequences." (*In re Greg F.*, *supra*, at p. 410.)

First, we recognize "[t]he purpose of the certificate of merit requirement is to reduce the filing of frivolous claims by imposing a pleading hurdle" (*Doe v. San Diego-Imperial Council* (2017) 16 Cal.App.5th 301, 307), but the superior court's position that the requirement operates to bar subsequent amendments to otherwise timely filed pleadings defeats this purpose. By precluding S.C. from amending her complaint to allege the childhood sexual assault took place when she was in Doe 1's custody, care, and

16.

control between 1984 and 1986, she was saddled with the disproven allegation she was in Doe 1's custody, care, and control in approximately 1981. In other words, the court forced her to proceed with a frivolous claim (see Black's Law Dict. (12th ed. 2024) p. 807, col. 1 ["frivolous" defined as "[l]acking a legal basis or legal merit; manifestly insufficient as a matter of law"]), the type of claim the certificates-of-merit requirement was supposed to fetter. Second, "[a] statute which 'is remedial in nature and in the public interest is to be liberally construed to the end of fostering its objectives . . . .' " (*People ex rel. Dept. of Transportation v. Muller* (1984) 36 Cal.3d 263, 269; see *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 536 [former § 340.1 "a remedial statute that the Legislature intended to be construed broadly"].) However, the court's position frustrated former section 340.1's overall purpose " 'to expand the ability of victims of childhood sexual abuse to hold to account individuals and entities responsible for their injuries.' [Citation.]" (*Los Angeles Unified School Dist. v. Superior Court* (2023) 14 Cal.5th 758, 777.)

> d. *The superior court abused its discretion when it denied S.C.'s motion for leave to amend the complaint*

In the complaint, S.C. alleged she was in foster care under Doe 1's custody, care, and control in approximately 1981 when she was sexually assaulted by her foster father. Upon reviewing her juvenile case file, she learned she was not taken into protective custody by Doe 1 until March 19, 1984, and "was actually in foster care from 1984 to 1986, and not in 1981, as alleged in the Complaint." S.C. moved for leave to amend the complaint to allege the childhood sexual assault took place when she was in Doe 1's custody, care, and control between 1984 and 1986. The proposed amendment was one to "cure [an] incorrect allegation[]" (*Dieckmann v. Superior Court* (1985) 175 Cal.App.3d 345, 357), the kind of amendment that "ha[s] always been liberally permitted to the extent that the amendment[] stay[s] within the same general state of facts and do[es] not prejudice the defendant[] or add new defendants beyond limitation periods or patently

17.

contradict[s] prior allegations that are fatal to the cause of action" (*ibid.*). (See *Blakey v. Superior Court* (1984) 153 Cal.App.3d 101, 107 ["Under this state's liberal rules of pleading, the right of a party to amend to correct inadvertent misstatements of facts or erroneous allegations of terms cannot be denied."].)

On appeal, Doe 1 contends the superior court's denial of S.C.'s motion was appropriate because S.C. "waited almost six (6) months before filing a motion to amend [her] complaint" and should have requested access to her juvenile case file much earlier. Denial on the grounds of delay and/or lack of diligence is unwarranted, however, if "the opposing party was not misled or prejudiced by the amendment." (*Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045, 1048.) Doe 1, which initially received S.C.'s file, became aware of the date discrepancy at or around the same time as her. (See *Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 297 ["[u]nfair surprise to the opposing party" a factor in determining whether request to amend should have been granted].) S.C.'s original motion was filed December 13, 2023, more than a month before Doe 1 filed its summary judgment motion and 10 months before the scheduled trial date of October 14, 2024. (Cf. *Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1280 [motion for leave to amend complaint may be denied where "a plaintiff seeks leave to amend his or her complaint only after the defendant has mounted a summary judgment motion directed at the allegations of the unamended complaint"]; *City of Stanton v. Cox* (1989) 207 Cal.App.3d 1557, 1564 [denial of the plaintiff's motion to amend did not amount to abuse of discretion where the plaintiff waited 18 months and until after trial commenced before attempting to amend].) Although S.C. conceivably could have raised the motion much earlier, the delay was not particularly egregious in light of the circumstances. (Cf. *Melican v. Regents of the University of California* (2007) 151 Cal.App.4th 168, 176 [denial of the plaintiffs' oral request to amend complaints to

18.

add new breach-of-contract claim did not amount to abuse of discretion because the plaintiffs became aware of facts underlying new claim five years earlier].)[11]

Where the refusal to grant a motion to amend "results in a party being deprived of the right to assert a meritorious cause of action . . . , it is not only error but an abuse of discretion." (*Morgan v. Superior Court* (1959) 172 Cal.App.2d 527, 530.) Such was the case here.

## II. Doe 1's summary judgment motion

"It is well settled that the pleadings set the boundaries of the issues to be resolved at summary judgment." (*Vulk v. State Farm General Ins. Co.* (2021) 69 Cal.App.5th 243, 255.) In addition, " '[i]t is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading. [Citations.]' [Citation.]" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 884.) "Because there is but one complaint in a civil action [citation], the filing of an amended complaint moots a motion directed to a prior complaint. [Citation.]" (*State Compensation Ins. Fund v. Superior Court* (2010) 184 Cal.App.4th 1124, 1131.)

As noted, Doe 1 moved for summary judgment on the grounds S.C. "was not a dependent of Doe 1 at the time she contends she suffered sexual abuse" (some capitalization omitted) "in or near 1981." The allegation S.C. was in Doe 1's custody, care, and control in approximately 1981 was set forth in the original complaint. After S.C. reviewed her juvenile case file and learned she "was actually in foster care from

---

[11] Below, Doe 1 argued that granting S.C.'s motion would force it to "spend additional resources and time investigating the new time period of 1984 to 1986" when it already "spent a considerable amount of time and resources investigating Plaintiff's allegations as alleged in her Complaint focusing on the time period of 1981." We are not convinced the burden of additional costs would justify denial given a court's authority to fashion orders alleviating such concerns. (See, e.g., *Fuller v. Vista Del Arroyo Hotel* (1941) 42 Cal.App.2d 400, 404–405 [superior court ordered party seeking amendment to pay costs and fees incurred by opposing party in preparing for trial]; see also § 473, subd. (a) [court may permit amendment of pleading "on any terms as may be proper"].)

1984 to 1986, and not in 1981," she moved for leave to amend the complaint to allege the childhood sexual assault took place when she was in Doe 1's custody, care, and control between 1984 and 1986. However, the superior court erroneously denied S.C.'s motion. Because S.C. should have been permitted to file an amended complaint, the court's decision to grant Doe 1's summary judgment motion was improper.

## III. Amended certificates of merit

Having determined the superior court erred in denying S.C.'s motion for leave to amend the complaint and granting summary judgment in Doe 1's favor, we now turn to a topic raised by both the superior court in its denial and Doe 1 on appeal: whether S.C. must also file amended certificates of merit.

It is not clear-cut that amended certificates of merit are necessary under former section 340.1. As noted, after certificates are timely filed and approved by the court (see § 340.1, former subds. (f)–(i)), "the duty to serve that defendant with process shall attach" (*id.*, former subd. (i)). If the lawsuit results in a "favorable conclusion" "with respect to any defendant for whom a certificate of merit was filed or for whom a certificate of merit should have been filed" (*id.*, former subd. (p)), a court "may, upon the motion of a party or upon the court's own motion, verify compliance" (*ibid.*) and, upon finding a "failure to comply," "may order a party, a party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by the defendant for whom a certificate of merit should have been filed" (*ibid.*). In the event a plaintiff files an amended complaint, former subdivision (p) of section 340.1 could be construed as tabling the issue of whether the amended complaint renders the submitted certificates noncompliant with former subdivisions (f) through (i) of section 340.1 until the close of litigation. If the lawsuit results in a favorable conclusion for the plaintiff, the issue becomes moot. If the lawsuit results in favorable conclusion for the defendant, former subdivision (p)'s verification procedure may be invoked.

20.

In the alternative, since former section 340.1 requires a complaint to be accompanied by certificates of merit, it is logical to infer an amended complaint should likewise be accompanied by amended certificates. We are more inclined to adopt this streamlined approach, especially since courts have held certificates of merit to be "an aspect of the complaint . . . ." (*Doyle v. Fenster* (1996) 47 Cal.App.4th 1701, 1707 (*Doyle*); accord, *Jackson v. Doe* (2011) 192 Cal.App.4th 742, 755 (*Jackson*).)

On appeal, Doe 1 contends "the statute of limitations has run on [S.C.]'s ability" to file amended certificates. We disagree. As noted, courts have held certificates of merit to be an aspect of the complaint. (*Jackson*, *supra*, 192 Cal.App.4th at p. 755; *Doyle*, *supra*, 47 Cal.App.4th at p. 1707.) Hence, they should be subject to the same legal principles governing complaints, including the relation-back doctrine. "Under the relation-back doctrine, a court will ordinarily deem a later-filed pleading to have been filed at the time of an earlier complaint if the amended complaint is based on the same general set of facts. [Citation.] Where the statute of limitations has expired before the filing of an amended complaint, unless an amended complaint relates back to a timely filed original complaint, the amended complaint will be time-barred. [Citation.] Under the relation-back doctrine, to avoid the statute of limitations bar, the amended complaint must allege the same general set of facts, refer to the same accident, same injuries, and refer to the same instrumentality as alleged in the original complaint. [Citation.]" (*Curtis Engineering Corp. v. Superior Court* (2017) 16 Cal.App.5th 542, 548 (*Curtis*).)

No case has directly addressed amended certificates of merit and the relation-back doctrine. Nonetheless, we find helpful *Curtis*, *supra*, 16 Cal.App.5th 542, which dealt with section 411.35's certificate-of-merit requirement for professional negligence actions against architects, engineers, and land surveyors. In that case, real party in interest George Sutherland filed a timely complaint but not the required certificate. (*Curtis*, *supra*, at p. 545.) After the expiration of the statute of limitations and more than 60 days after filing the original pleading, he filed an amended complaint that included a

21.

certificate. (*Ibid.*) The defendant filed a demurrer based on Sutherland's failure to file the certificate within the limitations period, but the superior court overruled it. (*Ibid.*) The defendant then filed a petition for a peremptory writ of mandate. (*Ibid.*) Division One of the Fourth Appellate District granted the defendant's petition (*id.* at p. 552), rejecting Sutherland's assertion "the filing of the amended complaint and certificate related back to the date he filed the original complaint" (*id.* at p. 546). The appellate court explained a certificate of merit must be filed either (1) " 'on or before the date of service of the complaint' " (*id.* at p. 547, quoting § 411.35, subd. (a)) "within the statute of limitations period" (*Curtis, supra,* at p. 551); or (2) "within 60 days after filing the complaint" where an attorney files an excuse certificate stating a certificate of merit could not be obtained before the applicable statute of limitations would impair the action (*id.* at p. 548, quoting § 411.35, subd. (b)(2)). Allowing Sutherland, who "failed to file the required certificate of merit within the statute of limitations period or within the 60-day period set forth in section 411.35[, subdivision ](b)(2)" (*Curtis, supra,* at p. 551), to rely on the relation-back doctrine would have rendered those statutory deadlines meaningless (*id.* at pp. 548–549).

In contrast to *Curtis*'s real party in interest, S.C. timely filed both the original complaint and the certificates of merit. (Cf. *Jackson, supra,* 192 Cal.App.4th at pp. 745–746 [the plaintiff timely filed complaint but did not file any certificates of merit]; *Doyle, supra,* 47 Cal.App.4th at p. 1705 [the plaintiff filed certificates of merit after the running of the statute of limitations].) As there are original certificates to which amended certificates can relate back, invoking the relation-back doctrine in the instant case would not constitute a duplicitous circumvention of former section 340.1's statute of limitations or the 60-day period set forth in former subdivision (g)(3).

## DISPOSITION

Summary judgment and the orders denying S.C.'s motion for leave to amend the complaint are reversed. On remand, the superior court is directed to enter an order

22.

granting S.C.'s motion; amending the complaint to allege the childhood sexual assault took place when she was in Doe 1's custody, care, and control between 1984 and 1986; and permitting S.C. to file amended certificates of merit. The court has discretion to include "any terms as may be proper" (§ 473, subd. (a)(1)) in its order. Costs on appeal are awarded to plaintiff and appellant S.C.

DETJEN, J.

WE CONCUR:

LEVY, Acting P. J.

FAIN, J.*

---

* Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.